J. C. STEWART V. THE STATE.

*No. 1135.   Decided February 10th, 1897.*

**1.  Local Option—Evidence Irrelevant.**

On a trial for violation of local option, proposed evidence to the effect, that the witnesses, about the time alleged in the information, tried to procure whiskey from defendant, and that he informed them that he had none and could not sell it, was irrelevant and inadmissible.

**2.  Same—Evidence Sufficient.**

See, evidence stated in the opinion.  Held:  Amply sufficient to support a judgment of conviction for a violation of local option, by unlawfully selling intoxicating liquors.

**3.  Same—Cumulative Punishments in Misdemeanors—Construction of Statute.**

Code of Criminal Procedure, Art. 804, providing for the assessment of cumulative punishments, authorizes such punishment in misdemeanors, as well as in felonies; for it, in express terms, permits such cumulation when the punishment in each case is "in the county jail for a term of imprisonment," and misdemeanors, and not felonies, are only punished by imprisonment in the county jail.

APPEAL from the County Court of Young.    Tried below before Hon. N. J. TIMMONS, County Judge.

Appeal from a conviction for violation of local option; penalty, a fine of $40 and twenty days' imprisonment in the county jail.

The opinion states the case.

*Johnson & Aiken,* for appellant, filed an able and interesting brief.

*Mann Trice,* Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

DAVIDSON, JUDGE.—Appellant was convicted of selling intoxicating liquor in violation of the local option law, and prosecutes this appeal.    During the trial, appellant offered to prove by the witnesses, Scarborough, Short, Floyd, Lewis, Moseley and Collier that they were all acquainted with the defendant, and had, about the time alleged in the information, attempted to procure whiskey from him; that defendant informed them that he had none, and could not sell it; that they

each sometimes drank liquor, and honestly tried to procure the same, and did not do so with intent to prosecute appellant if they had succeeded in making the purchase. This was offered as a circumstance going to show that defendant was not engaged in the unlawful selling of liquor in a local option county. Upon objection by the State, this testimony was excluded. We see no error in this ruling. The State's testimony shows that the prosecuting witness made the purchase to which he swears, and this testimony in no way contradicts his evidence, either directly or indirectly. We do not understand how the fact that appellant refused to sell whiskey to the above-named witnesses would tend to disprove the sale to Birdwell, the prosecuting witness. The testimony, to be admissible, should be relevant to some issue in the case. It is also contended that the evidence is insufficient to support the conviction. The prosecuting witness, Birdwell, testified that in the defendant's place of business, in the town of Graham, behind closed doors, in a rear room, he purchased two drinks of the defendant; that defendant mixed these drinks from two bottles; one of the liquids was red, and the other the color of whiskey. He further stated: "I did not know what it was he mixed up for me. I have drank whiskey, and have been drunk. If I had drank enough of that stuff, it would have made me drunk, like whiskey. I drank two glasses of it. It was intoxicating liquor. The glasses were about as long as my finger (four inches); I paid ten cents for the first drink, and fifteen cents for the second. Defendant sold the drinks at fifteen cents apiece, or two for a quarter. * * * I took the first drink, and went out on the street, and soon went back and told him I wanted another drink of his best. We again went back into the little room, and he mixed up for me the same drink, —shutting the door behind us when we went in. The room was dark, and he had a lighted lamp in it. This was the third time I had got drinks from the defendant, and each time I got two drinks, and paid twenty-five cents for the two drinks. * * * I am on good terms with Stewart. Have no special pull on him. Love him better than anybody except my kin folks and the women. I have known Stewart only a few months. I was indicted for hog theft, and on the trial was acquitted. Mr. Johnson was my lawyer in that case. The drinks just made my eyes look crossways; did not make me stagger, but would have, had I drank enough." Tom Black, for the State, testified that defendant told him he ordered whiskey for people, and kept it there for them, and made his money by the sale of cigars and other things he kept; that those who had whiskey there would trade with him. Bosworth testified for the State that he tried to get some whiskey from the defendant, but defendant informed him that he did not then have any, but would have some by the last of the week, "and the only way I could get whiskey from him would be to order it, and that it would not be received until the last of the week. I understood I could not get any whiskey without giving an order." Taylor, for the State, testified that he was the city marshal of Graham; that, about 11 o'clock on the

day testified about by Birdwell, he saw Birdwell come out of the defendant's saloon, as he thought, under the influence of liquor, and took him before the County Attorney, and he made the complaint in this case. His breath smelled like whiskey. The appellant testified in his own behalf as follows: "I know Jim Birdwell. Did not sell him any intoxicating liquor, or anything else, on Monday, October 12th. On Monday evening he came in and said his stomach hurt him, and I gave him a drink of cider and ginger. About two weeks prior to this I sold him twenty-five cents' worth of tobacco, and he paid me for that on Saturday, October 10th. This is all I ever sold him. I gave him two drinks of orange and grape cider, mixed, on Saturday. He did not pay me anything, and I charged him nothing, for them. I never sold any one intoxicating liquor. I kept and sold my cider in my little back room. About twenty years ago I was charged with stealing a steer, but the case was dismissed and never tried." If the testimony of the State is to be credited, we think the evidence is sufficient to support the conviction. The witness, Birdwell, testified that it was intoxicating liquor, that he had been drunk before, and that, had he imbibed more of the mixture than he did, it would not only have made him drunk, but would have made him stagger. The witness, Taylor, testified that Birdwell came out of the defendant's saloon in an apparently intoxicated condition; that his breath smelled of whiskey, and he took him before the County Attorney while in this condition, and the complaint in this case was then made. The peculiarities of the witness, Birdwell, as to what quantity of whiskey it would take to intoxicate him are left, to some extent, a matter of deduction; but he is certain that, if he had drank enough of it, he would have become intoxicated, and that he did drink enough of it to make "his eyes look crossways." While it is true the witness did not show just what stage of intoxication he had reached when "his eyes looked crossways," yet this seems to have been one of the peculiarities of this witness at some stage of the act of becoming intoxicated; and, but for the timely interference of the city marshal after his taking the second drink, perhaps he would have reached the further stage of staggering drunkenness. However that may be, the testimony for the State shows that the liquor was intoxicating; that Birdwell had the odor of whiskey on his breath; that he had the appearance of being partially intoxicated, and, when taken by the officer after leaving the defendant's saloon, made the complaint herein. The jury settled the conflict in the testimony, and gave credence to the testimony for the State. The impeachment of the witnesses in this case was but slight. The State's witness was attacked by showing that he had previously been tried and acquitted of hog theft, and the testimony of the defendant himself showed that he had been indicted of cattle theft, but the case was dismissed. It is also contended that the court erred in refusing defendant's motion to reform the judgment, and set aside the cumulative judgment of imprisonment, because the same is unauthorized in misdemeanor cases. The judgment in this case shows

that the court did make said imprisonment cumulative upon judgment in cause No. 558, in said County Court of Young County, which is cause No. 1137 (Stewart v. State) in this court. 38 S. W. Rep., 1151. We are of opinion that the court was correct in this. The statute provides as follows: "When the same defendant has been convicted in two or more cases, and the punishment assessed in each is confinement in the penitentiary or the county jail for a term of imprisonment, judgment and sentence shall be rendered and pronounced in each case in same manner as if there had been but one conviction, except that the judgment in the second and subsequent convictions, shall be that the punishment shall begin when the judgment and sentence on the preceding conviction shall cease to operate, and the sentence and execution thereof shall be accordingly." Code Crim. Proc., Art. 840. It is contended by appellant that this does not apply to misdemeanor cases. If not, we do not understand why the statute stipulates confinement in the county jail for a term of imprisonment. Felonies are not punishable by confinement in the county jail, except, perhaps, in very rare instances, where a punishment may be in the alternative, as where the parties may be punished by confinement in the penitentiary, or by fine and imprisonment in the county jail. There is no question of that sort here. This is a simple misdemeanor, where the punishment is confinement in the county jail, and the statute, to our minds, is not susceptible of any other construction than that placed upon it by the court below—that, in all cases where parties are punished by confinement in the county jail, the statute provides that it shall be cumulative, where there are two or more convictions. Finding no error in the record, the judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]