## SALOME GARCIA v. THE STATE.

No. 20050. Delivered December 21, 1938.

The opinion states the case.

*Horace H. Shelton* and *Earl Shelton,* both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of the sale of marihuana, and upon a proper allegation and proof that she had been heretofore convicted of an offense of like character, she was given the maximum penalty of ten years in the penitentiary.

Appellant's objections and exceptions to the court's charge do not appear to have been signed by the trial judge, and therefore will not be considered.

Appellant's bill of exceptions No. 1 is as to the district attorney asking a witness if the witness had not bought marihuana there before. We presume that he was referring to appellant's place in using the word "there." We note that the trial court sustained the objection and instructed the jury to disregard the question, and seems to have cured the error, if such there was.

Bill No. 2 has been considered and same reflects no error, and to the same effect is our ruling as to bill No. 3.

Bill of exceptions No. 4 concerns itself with the allowing of the witness Harkrider, a State narcotic inspector, to testify

that certain cigarettes, the purchase thereof being the basis of this criminal action, contained marihuana. It seems that the witness showed familiarity with this drug, and that he had considerable experience in its identification, and stated positively that he could identify such narcotic. We think any objection to his lack of training would go to the weight of the testimony rather than to its admissibility.

Bill of exceptions No. 5 relates to the introduction in evidence of an indictment for the possession of the drug marihuana in another and different case wherein the appellant had sustained a prior conviction on the ground that such charge was for the possession of marihuana and the instant case was for the sale of marihuana, and were different offenses. We note that Article 62, P. C., states: "If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offense in ordinary cases."

We call attention to the above phrase "or one of the same nature," and think that the possession and sale of marihuana are offenses of the same nature. We also note that marihuana is defined to be a narcotic drug, and that the statute under which this prosecution is based denounces the possession or sale of any narcotic drug. See Article 725a, Vernon's Texas Criminal Statutes, 1936.

We therefore think that the possession and sale of the drug are but different phases of the same offense, or surely ones of like or the same nature. This bill is overruled.

Bill of exceptions No. 6 complains of the introduction of the previous record of conviction of appellant in the cause No. 22143 in Travis County district court wherein appellant was charged with the unlawful possession of marihuana, because of the fact that the person charged in the former conviction was not shown to have been this appellant. We note that this apparent defect in the proof was remedied by the testimony of a witness who identified this appellant as the same person charged and convicted in the former case. We see no error shown by this bill.

We have considered the remaining bills of the appellant and overrule them as evidencing no error.

The judgment is accordingly affirmed.