Ronald Eugene CAIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 43767.

Court of Criminal Appeals of Texas.

May 26, 1971.

Ralph J. Bernsen, Sr., La. Marque, for appellant.

Jules Damiani, Jr., Dist. Atty., M. Bruce Fort, Asst. Dist. Atty., Galveston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault by exhibiting a firearm. The punishment was assessed by the jury at twenty years. Stanley D. Trammell was tried with Cain, the appellant, but Trammell did not appeal.

The sufficiency of the identification evidence is challenged.

The State's testimony reflects that on November 12, 1967, at approximately ten o'clock at night, the appellant armed with a shotgun and Trammell armed with a pistol entered a Stop and Go Market in Kemah and robbed Bennie Clifton, the store manager, of some eighty dollars. Clifton and Mr. and Mrs. B. R. Holmes, who were in the store, were ordered into a cooler and told to stay there fifteen minutes.

Clifton and Mrs. Holmes made positive in-court identifications of the appellant and Trammell. B. R. Holmes made an in-court identification of Trammell but could not positively identify the appellant as one of the robbers.

Apparently the appellant contends that because of some discrepancy in their testimony and the description that they had given the officers after the robbery about the size of the robbers made the evidence insufficient. There was no showing of any lineup or photographic identification prior to the trial.

In Murry v. State, Tex.Cr.App., 413 S.W.2d 117, this Court held the identification sufficient where the service station operator testified that he had an opportunity to observe Murry during the robbery and made an in-court identification of him as the robber. See also Robertson v. State, Tex.Cr.App., 418 S.W.2d 678.

The jurors were the judges of the credibility of the witnesses and the weight to be given their testimony. Were we so inclined, we could not substitute our finding for theirs where, as in this case, they had sufficient evidence to support the conviction.

The judgment is affirmed.