Ronald CAIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 43778.

Court of Criminal Appeals of Texas.

June 2, 1971.

Rehearing Denied July 14, 1971.

John G. Gilleland, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Jack Bodiford, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by assault; the jury assessed the punishment at 15 years.

The record reflects that on November 8, 1967, the appellant and Stanley Trammel entered the premises of the Community Finance Company in Galena Park, Harris County, Texas. Present were David Miller, the manager, and Joanne Poteet, an employee. Trammel and the appellant pointed guns at them and demanded their money. The robbers took $400 and forced the two employees into the bathroom while they left the premises.

The appellant presents two grounds of error, both relating to the punishment stage of the trial.

His first ground of error challenges the admission into evidence of copies of jury waivers, stipulations of evidence, judgments, and sentences from four prior convictions. He contends that there was no evidence to show that he was the same person so previously convicted.

Such documents were admitted to prove previous convictions of three counts of felony theft and one count of unlawfully breaking and entering a motor vehicle. The stipulations of evidence and jury waivers both contained the signature of "Ronald E. Cain."

Also introduced into evidence was the appellant's motion to have the jury assess the punishment in this case. This document bore the signature of the appellant.

Art. 37.07 of the Vernon's Ann.Code of Criminal Procedure provides that at the punishment stage of the trial, evidence of the "prior criminal record of the defendant" may be introduced. The prior convictions here were not alleged for enhancement, but were offered to prove the accused's prior criminal record.

The certified copies of the judgments and sentences are admissible to prove these prior offenses at the penalty phase of the trial. However, it is incumbent on the state to go further and show by independent testimony that the appellant was the identical person so previously convicted. The State's failure to comply with this requirement constitutes reversible error. Vessels v. State, Tex.Cr.App., 432 S.W.2d 108, 116.

The State contends that introduction into evidence of the appellant's signature on his written motion to have the jury assess punishment in this case, gave the jury evidence by which they could compare that signature with the signatures on the jury waivers and stipulations of evidence introduced to prove the prior convictions.

The question, then, is whether this constitutes "independent testimony" showing that the appellant was the same person so previously convicted.

The State relies upon Art. 38.27 of the Code of Criminal Procedure,[1] which provides as follows:

"It is competent to give evidence of handwriting by comparison, made by experts or by the jury. Proof by comparison only shall not be sufficient to establish the handwriting of a witness who denies his signature under oath."[2]

The question of how this article applies to proof of prior criminal record in a bifurcated trial appears to be one of first impression.

█ This Court has approved several different means to prove the accused was the same person previously convicted. They include, but are not necessarily limited to: (1) Testimony of a witness who identifies the accused as the same person previously convicted. Garcia v. State, 135 Tex.Cr.R. 667, 122 S.W.2d 631; Brumfield v. State, Tex.Cr.App., 445 S.W.2d 732; (2) Introduction of certified copies of the judgment and sentence and records of the Texas Department of Corrections or a county jail including fingerprints of the defendant, supported by expert testimony identifying them as identical with known prints of the defendant. Vessels v. State, 432 S.W.2d 108; (3) And by stipulation or judicial admission of the defendant. Brumfield v. State, supra.

█ The question before us is whether the State sufficiently established the identity of the appellant as the person so previously convicted. We conclude that under the circumstances of this case, where handwriting samples are introduced without expert testimony and the jury alone must make the comparison, and there is no other evidence to connect the appellant with the prior convictions, such identity has not been sufficiently established.

█ We cannot construe Art. 38.27 as meaning that mere introduction of a sample of the accused's signature, coupled with introduction of a signature on records showing a prior conviction, will suffice as independent testimony to prove the identity of the appellant as the person who was so previously convicted.

This is not a situation where it is sought to be proved that the accused executed a false instrument or committed forgery. Whether the handwriting is that of the appellant, or whether he in fact actually signed the documents, is not the primary question for the jury's consideration.

█ While the statute does authorize comparison evidence to prove handwriting, this Court is not bound to a rule that mere formal compliance with Article 38.27, with nothing more, will always prove the identity of the accused as contemplated by Vessels. The statute only authorizes the evidence; whether that evidence is sufficient to prove a particular fact in issue is a question of law. Thus, while it is sufficient to prove the similarity between the signatures, the question of whether proof of similarity of signatures is sufficient in a particular case to prove identity under Vessels is another question.

In deciding that question, we may consider all pertinent factors. Here, we note that no expert testified to support the comparison and that no other connection was made between the appellant and the prior convictions. Thus, the evidence that the appellant was the identical person pre-

1. No handwriting expert testified that the signature on the motion and the other signatures were written by the same person. The State relies entirely on this article, which allows the jury to make the comparison.

2. No such denial under oath was made in this case.

viously convicted is flimsy indeed, and it is insufficient to support introduction into evidence of the previous convictions.

For the reasons stated herein, the judgment is reversed and the cause is remanded.

DOUGLAS, Judge (dissenting).

This conviction should be affirmed. It should be remembered that this evidence was introduced at the penalty stage of the trial after the jury had already found the appellant guilty. Article 38.27, V.A. C.C.P., provides:

"It is competent to give evidence of handwriting by comparison, made by experts or by the jury. Proof by comparison only shall not be sufficient to establish the handwriting of a witness who denies his signature under oath."

The jury waiver in the present case signed by the appellant was introduced before the jury. Signatures on jury waivers and stipulations of Ronald E. Cain in five previous convictions were introduced for the jury's consideration as provided for under Article 38.27, supra.

In addition, a photograph and known fingerprints of the appellant were introduced along with fingerprints identified by a qualified fingerprint examiner to be identical to those of the appellant in one prior conviction, Cause No. 117,902 in Criminal District Court No. 5 of Harris County, Texas. The judgment and sentence were dated March 3, 1966. Appellant's Texas Department of Corrections No. 118455 was certified with this cause number and was introduced without objection.

The jury had before it proof of the signatures of jury waivers in Causes numbered 118,526, 118,527, 118,528 and 118,529, all in Criminal District Court No. 5 of Harris County and stipulations on

these four prior convictions, all dated March 3, 1966.[1]

After the above evidence concerning the prior convictions, the appellant called his father as a witness and he testified on direct examination that Ronald was just a youngster of seventeen when he went to the Texas Department of Corrections on those offenses.

All of these prior convictions were had on the same day. That evidence with the testimony of his father that he went to the Department of Corrections on "those offenses" after the records were in evidence shows no harm or reversible error.

If there is any question about the certainty that the appellant was the person previously convicted, all one has to do is look at the records in this Court. This Court may take judicial notice of the records before it. Bridges v. State, 468 S.W.2d 451. See 23 Tex.Jur.2d, Evidence, Section 29, page 51. The case of Cain v. State, 467 S.W.2d 436 (decided May 26, 1971), shows that the same five prior convictions, and others, were used at the penalty stage in the trial in Galveston County. The fingerprints and photograph of Ronald Eugene Cain were admitted in evidence at that trial along with the judgments and sentences in the five cases from Criminal District Court No. 5 of Harris County (Nos. 118,526, 118,527, 118,528, 118,529 and 117,097). Certified copies of two other prior convictions not used in the present cases were admitted. The appellant's Texas Department of Corrections Number 118455 appears on the records of the previous convictions introduced in the Galveston County case and on one of the causes introduced in the present case.

Further, Ronald Eugene Cain during the Galveston County case was found to be the same person convicted in Cause No. 118,527

---

1. In Gilbert v. California, 388 U.S. 263, 266–267, 87 S.Ct. 1951, 1953, 18 L.Ed.2d 1178, Mr. Justice Brennan speaking for the Supreme Court of the United States stated: "A mere handwriting exemplar, in contrast to the content of what is written, like the body itself is an identifiable physical characteristic. * * *"

in Harris County when the court cumulated the sentence with the latter cause.

It should be noted that in the Galveston case the fingerprints in Cause No. 118,527 were shown to be the same as those in the other four cases that were used in the present case. Further, the records clerk certified that the Texas Department of Corrections Number 118455 (of the appellant) was the same on all cases used in Galveston County and on the one case in Harris County where the Department of Corrections records were used.

We should not reverse a case where there was sufficient proof considering all the evidence at the penalty stage of the trial including that of the appellant's father and where no harm has been shown, and especially where certified copies of the records show the appellant was the same person previously convicted.

I would affirm the conviction.

OPINION ON STATE'S MOTION
FOR REHEARING

ONION, Presiding Judge.

The State vigorously urges its motion for rehearing, suggesting the majority adopt Judge Douglas' dissenting opinion except the last two paragraphs thereof.

The State contends that even if Article 38.27, V.A.C.C.P., is inapplicable, the documentary evidence offered when taken with the testimony of appellant's father that he was convicted of "those offenses" is sufficient to show that appellant was the same person so previously convicted.

The documentary evidence had already been offered when the appellant's father was called as a defense witness at the penalty stage of the trial. On direct examination the witness admitted he had "some problems" with the appellant as a teenager after he came back from living with his mother, the witness' divorced wife. When asked if the earlier "problems" cul-

minated in the appellant being charged in "those offenses," after he was seventeen years of age, the witness answered:

"A. I think * * * I believe some of those were while he was with his mother."

Later he answered affirmatively "That's right" when asked if the appellant had gone to the Department of Corrections at age seventeen on "those offenses."

The witness' attention was never directed to any particular offense.

On cross examination he specifically denied knowledge of the offenses and the resulting convictions upon which the State relied to prove the appellant's "prior criminal record."

We cannot agree that such evidence is sufficient to support the State's contention.

█ Further, the proper predicate for the introduction of a defendant's "prior criminal record" under the provisions of Article 37.07, V.A.C.C.P., must be laid in the trial court before the jury in the particular case should be permitted to consider the same. The fact *that in the event of an appeal* this Court may find another appellate record which may supply the deficiency in the predicate is not controlling. The rule announced in 23 Tex.Jur.2d, Evidence, Sec. 29, p. 51, was never intended to be used in this fashion.

█ Still further, the State, while authorized to prove an accused's "prior criminal record" by virtue of Article 37.07, supra, is not authorized to prove the details of every offense resulting in a conviction which forms a part of the "prior criminal record." In the instant case, under the guise of only introducing the appellant's signature thereto, the State offered written stipulations of evidence reciting the details of prior offenses. Such was not proper.

Remaining convinced of the soundness of our original decision, the State's motion for rehearing is overruled.