**Terry A. McCLURE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47060.**

Court of Criminal Appeals of Texas.

July 11, 1973.

M. Gabriel Nahas, Jr. and George T. Ellis, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and John Holmes, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

This is an appeal from an order revoking probation.

Appellant was convicted of aggravated assault and granted probation on August 28, 1970. Subsequently, on May 3, 1971, the State filed a motion to revoke alleging that appellant had committed the offense of murder, thereby violating the terms of his probation agreement. From the record, it appears that the appellant was convicted of murder on December 8, 1971, and assessed a 45 year prison term. On September 14, 1972, appellant's probation was revoked and he was sentenced to serve two years in jail less the period of time he had already been incarcerated. This sentence was cumulated with the 45 year sentence previously imposed in the murder case.

Appellant contends that the trial court abused its discretion in revoking his probation.

First, it is claimed that the court erred in failing to overrule the State's motion for the reason that the State did not exercise proper diligence in revoking his probation; hence, he was denied a "speedy" hearing on the State's motion.

The record clearly reflects a considerable time span of sixteen and one-half months between the date of appellant's arrest and the date of the revocation hearing. The reason for such delay, however, is not so clear.

Unquestionably, an accused is entitled to a swift adjudication in a probation revocation. Fariss v. Tipps, Tex., 463 S. W.2d 176; Hilts v. State, Tex.Cr.App., 476 S.W.2d 283. Nevertheless, it is equally

well established that if the accused does not assert this right in some manner then this Court will not find an abuse of discretion on the part of the trial court. Sierra v. State, Tex.Cr.App., 476 S.W.2d 285; Martinez v. State, Tex.Cr.App., 469 S.W.2d 185. The record is barren of any move by the accused to secure a "speedy" hearing prior to the revocation proceeding on September 14, 1972. Further, no harm has been shown by the delay.

Appellant's first ground of error is overruled.

◼ By his second ground of error, appellant asserts that the State's motion to revoke probation was fatally defective in that it alleged that he received probation on August 25, 1970, when, in fact, probation was granted on August 28, 1970. The record reflects that appellant was adjudged guilty of the primary offense on August 25, 1970 but that the probationary hearing was held three days later on the 28th of that month. The pertinent portion of the motion to revoke recites the following:

"Comes now the State of Texas . . . and shows the Court that heretofore on the 25th day of August, 1970, the defendant herein was adjudged guilty of the offense of aggravated assault . . ., and was accorded adult probation for a period of two years, . . ."

It is thus appellant's contention that there was a fatal variance between the State's pleadings and proof.

Without reaching the merits of this question, we note that appellant did not object to or request clarification of these pleadings on the ground now asserted. Such failure renders it unnecessary for this Court to consider the alleged ground of error. Wilcox v. State, Tex.Cr.App., 477 S.W.2d 900; Vance v. State, Tex.Cr.App., 485 S.W.2d 580; Kinard v. State, Tex.Cr.App., 477 S.W.2d 896; Guinn v. State, 163 Tex.Cr.R. 181, 289 S.W.2d 583.

We overrule ground of error number two.

◼ In his third ground of error appellant complains that the court abused its discretion in revoking his probation since the provisions of Vernon's Ann.C.C.P., Art. 42.13, Section 5(c) were not complied with. This statute insofar as here relevant provides:

"The clerk of the court granting probation shall promptly furnish the probationer with a written statement of the period and terms of his probation . . . The clerk . . . shall take a receipt from the probationer for delivery of the statement."

It is appellant's position that this provision is mandatory and that without an affirmative showing by the State of compliance with it the action of the court should be reversed. He does not claim that he did not receive or have notice of the conditions and terms of his probation. The docket sheet and judgment do in fact recite that appellant was furnished a copy of the terms and conditions of his probation.

Further, we observe that the question raised by appellant herein was in no way brought to the attention of the trial judge in the revocation hearing. Thus, nothing is preserved for this Court to consider on review.

Appellant's third ground of error is overruled.

Appellant next contends that the State failed to prove that this appellant was the same Terry Allen McClure previously convicted of murder as alleged in the motion to revoke. The State introduced into evidence certified copies of the judgment and sentence against Terry Allen McClure from a conviction for murder with malice aforethought.

The State's only witness connecting this appellant with the murder was an assistant district attorney from Harris County. His testimony was that he had prosecuted the

appellant in the 1970 conviction for which probation was now being revoked. The witness further testified that, although he was not the prosecutor, *he saw* the same Terry Allen McClure tried for murder in the cause now in question and, from his own personal knowledge, knew that the appellant herein was convicted of that charge and sentenced to serve not less than two nor more than forty-five years in the penitentiary. All of the above testimony was given without objection.

■ Testimony of a witness who identifies the accused as the same person previously convicted is one of the methods approved by this Court for linking the accused to the prior crime. Cain v. State, Tex.Cr.App., 468 S.W.2d 856; Brumfield v. State, Tex.Cr.App., 445 S.W.2d 732; Garcia v. State, 135 Tex.Cr.R. 667, 122 S.W.2d 631.

■■ It is well settled that in a revocation of probation proceeding the judge is the sole judge of the facts proved, the credibility of the witnesses, and the weight to be given their testimony. Kelly v. State, Tex.Cr.App., 483 S.W.2d 467; Hall v. State, Tex.Cr.App., 452 S.W.2d 490; Ex parte Bruinsma, 164 Tex.Cr.R. 358, 298 S.W.2d 838; Seymore v. Beto, 5 Cir., 383 F.2d 384. In the case at bar, we conclude that the testimony of the assistant district attorney was sufficient to support the trial judge's conclusion that the appellant was the same person previously convicted of murder.

Appellant's fourth ground of error is overruled.

■ By his final ground of error, appellant complains that the court abused its discretion in cumulating the two year misdemeanor conviction with the forty-five year felony murder conviction. Appellant cites no authority for this proposition.

Article 42.08, V.A.C.C.P., provides as follows:

"When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly."

This question has not been previously considered by this Court although it has been held that the old Article 840, C.C.P. (this statute's predecessor) applies to misdemeanors as well as felonies. Stewart v. State, 37 Tex.Cr.R. 135, 38 S.W. 1143; Ex parte Cox, 29 Tex.App. 84, 14 S.W. 396; Ex parte Hunt, 28 Tex.App. 361, 13 S.W. 145.

We do not see nor does appellant point to any logical reason why misdemeanors could not be cumulated with felonies and vice versa. The phraseology of the statute itself wherein it recites "and the punishment in *each* case is confinement in . . . the Department of Corrections *or* the jail" lends itself to the construction that the legislature intended to draw no distinction between felonies and misdemeanors in terms of cumulating sentences. In Ex parte Davis, 71 Tex.Cr.R. 538, 160 S.W. 459, this Court said by dicta:

"We see no good reason why, if a person is convicted of a felony, and sentenced to a term of years in the penitentiary, and subsequently tried and convicted of a misdemeanor, and his punishment assessed at imprisonment in the county jail, the Court could not order that the latter should begin after the expiration of the former."

We concur with the above reasoning and hold that the cumulating of sentences in misdemeanor and felony cases is permitted under Article 42.08, supra.

This ground of error is overruled.

We find no reversible error, and affirm the judgment.

Opinion approved by the Court.