NUMBER 13-99-760-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________ 



JOSE J. TAMEZ , Appellant, 



v.

 

THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 



On appeal from the 36th District Court

of San Patricio County, Texas.

 ____________________________________________________________________ 



O P I N I O N

Before Justices Hinojosa, Chavez, and Rodriguez

Opinion by Justice Rodriguez

 

Jose J. Tamez, appellant, pled guilty to possession of marijuana(1)and was placed on community supervision for a period of
six years. After being placed on community supervision, appellant was deported for unspecified reasons. On August 23,
1998, the United States District Court for the Southern District of Texas entered a judgment against a Jose Juan
Tamez-Jasso for attempting to enter the United States after previous deportation.(2) The State, relying on the federal
District Court judgment, then brought a motion to revoke community supervision in the marijuana case, alleging that
appellant had violated the conditions of his community supervision by committing an offense against the laws of the United
States. After a hearing on the State's motion, the trial court found the allegation true, revoked appellant's community
supervision, and sentenced him to six years imprisonment. By a single issue, appellant now contends that the evidence is
insufficient to prove he was the person convicted in the federal District Court. We affirm. 

A trial court is vested with discretion to revoke an individual's community supervision. Herrera v. State, 951 S.W.2d 197,
199 (Tex. App.--Corpus Christi 1997, no pet.). Violation of a single condition of community supervision is sufficient to
support a trial court's decision to revoke. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). The State must
prove the allegations in its motion to revoke community supervision by a preponderance of the evidence. Cobb v. State,
851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Appellate review of the evidence presented at a revocation hearing is
undertaken in the light most favorable to the trial court's decision. Jones v. State, 589 S.W.2d 419, 421 (Tex. Crim. App.
1979). 

At the hearing on the motion to revoke, only the State's witness, Rosie Franco, testified. She identified herself as a San
Patricio County community supervision officer. She stated that the probation department maintains records on each
individual placed on community supervision. Each record is made contemporaneously with the person being placed on
community supervision and is updated, as necessary, during the term of community supervision. Franco testified that she is
the custodian of the community supervision records. 

 Franco testified that she had reviewed the record of Jose J. Tamez. She identified appellant as the same person who was
placed under community supervision by the court and supervised by her office. The record included Tamez's name,
birthdate, and social security number. Franco was then shown the judgment of the United States District Court for the
Southern District of Texas in cause number 7:98CR00050-001, styled United States of America v. Jose Juan Tamez-Jasso.
This judgment was admitted into evidence. Franco testified that the birthdate and social security number reflected in the
federal judgment were identical to those found in Tamez's community supervision record. Based on this evidence, the trial
court ordered appellant's community supervision revoked. 

 Appellant contends that this testimony does not create an affirmative link between himself and the person who was found
guilty in the federal case. He argues that the State did not use any of the three methods approved by the court of criminal
appeals for proving his identity: (1) testimony of a witness who identifies the accused as the same person previously
convicted; (2) expert fingerprint testimony; or (3) the accused's judicial confession. See Cain v. State, 468 S.W.2d 856, 859
(Tex. Crim. App. 1971). We disagree. The record unequivocally shows that Franco identified appellant as the same person
who was convicted in the federal court. The trial court, as the sole judge of weight and credibility to be given this
identification, was free to accept or disregard Franco's assertion. It is patently obvious from the record that the trial court
chose to accept Franco's identification. Viewed in a light most favorable to the trial court's order, this evidence was
sufficient to support the trial court's conclusion that appellant was the same person who was convicted in the federal court,
in violation of the terms of his community supervision. Appellant's issue is overruled. 

 The order of the trial court is AFFIRMED. 

NELDA V. RODRIGUEZ 

Justice 




Do not publish. 

Tex. R. App. P. 47.3. 





Opinion delivered and filed 

this the 31st day of August, 2000. 

 

1. Tex. Health & Safety Code Ann. § 481.121 (b)(4) (Vernon 1992). 

2. 8 U.S.C. §1326 (a) & (b) (1998).