

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00047-CR

_____

LEONARD GEORGE MITCHELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 49,299-B

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Leonard George Mitchell entered an open plea of guilty to evading arrest or detention with one prior conviction for evading arrest or detention.[1] After a punishment hearing, the trial court found both of the punishment enhancement paragraphs true, sentenced Mitchell to ten years' imprisonment,[2] and assessed him court costs of $330.00 and court-appointed attorney fees of $1,190.00.

On appeal, Mitchell complains that (1) there is insufficient evidence to link him to a conviction for robbery that was used to enhance his punishment, (2) his ten-year sentence is grossly disproportionate to the crime committed, and (3) there is insufficient evidence to support the trial court's assessment of court-appointed attorney fees. Because we find that there was sufficient evidence to link Mitchell to the robbery conviction and that he failed to preserve his complaint that his sentence was grossly disproportionate to the crime committed, we affirm the trial court's judgment. That said, because we find that insufficient evidence supports the trial court's assessment of court-appointed attorney fees, we modify the judgment by deleting such assessment.

## I.    Background

The indictment in this case alleged that, on or about June 25, 2019, Mitchell intentionally fled from Shelby Vestal, who he knew was a police officer that was attempting to arrest or detain him, and that he had previously been convicted of evading arrest or detention in 2011 in Gregg

---

[1]*See* TEX. PENAL CODE ANN. § 38.04(b)(1).

[2]*See* TEX. PENAL CODE ANN. § 12.425(b).

County (the Evading Arrest Conviction). Mitchell pled guilty to the primary offense and true to the prior conviction for evading arrest or detention.

The indictment also contained two punishment enhancement paragraphs. The first paragraph alleged that, on May 11, 2009, Mitchell was convicted of robbery by the Criminal District Court of Jefferson County in cause number 99367 (the Robbery Conviction). A plea of "not true" was entered on behalf of Mitchell to the Robbery Conviction. The second paragraph alleged that, on September 9, 2013, Mitchell was convicted of felony family violence assault by the 124th Judicial District Court of Gregg County in cause number 42,325-B (the FVA Conviction). Mitchell pled true to that conviction.

As relevant to the issues on appeal, the State introduced into evidence, without objection, the following:

1. State's Exhibit 3—the Offense Report related to Mitchell's current charges that showed that the arrestee was "Mitchell, Leonard," with a date of birth of August 7, 1989, and that the officers on the scene identified him as "Leonard George Mitchell, Jr.";

2. State's Exhibit 4—a certified copy of the Judgment for the Evading Arrest Conviction that identified the defendant as "Leonard Mitchell," showed a date of birth of August 7, 1989, a place of birth of Port Arthur, Texas, and Mitchell's signature;

3. State's Exhibit 5—a certified copy of the Judgment of Conviction for the FVA Conviction that identified the defendant as "Leonard George Mitchell" and contained Mitchell's signature;

4. State's Exhibit 6—a ten-print card containing Mitchell's fingerprints that identified the subject as "Mitchell, Leonard George," with a date of birth of August 7, 1989;

5. State's Exhibit 7—a certified copy of the Judgment in Cause No. 2011-2854 in the County Court at Law No. 1 of Gregg County that identified the defendant as

3

"Leonard Mitchell," with a date of birth of August 7, 1989, a place of birth of Port Arthur, Texas, Mitchell's right thumbprint, and Mitchell's signature;

6.    State's Exhibit 8—a certified copy of the Judgment in Cause No. 2012-1391 in the County Court at Law No. 1 of Gregg County that identified the defendant as "Leonard Mitchell," with a date of birth of August 7, 1989, a place of birth of Port Arthur, Texas, Mitchell's right thumbprint, and Mitchell's signature;

7.    State's Exhibit 11—a certified copy of the Judgment in Cause No. 2018-1124 in the County Court at Law No. 1 of Gregg County that identified the defendant as "Leonard George Mitchell," with a date of birth of August 7, 1989, a place of birth of Port Arthur, Texas, Mitchell's right thumbprint, and Mitchell's signature; and

8.    State's Exhibit 12—a certified copy of the Judgment in Cause No. 2012-1401 in the County Court at Law No. 1 of Gregg County that identified the defendant as "Leonard Mitchell," with a date of birth of August 7, 1989, a place of birth of Port Arthur, Texas, and Mitchell's signature.

In addition, over Mitchell's objections,[3] the State introduced State's Exhibit 9, which contained certified copies of various documents relating to the Robbery Conviction, including:

1.    A Docket sheet that showed the defendant as "Leonard George Mitchell Jr.," and a filing date of December 14, 2006;

2.    A Judgment Adjudicating Guilt that convicted "LEONARD GEORGE MITCHELL JR AKA JUNIOR," of robbery, with a date of judgment of May 11, 2009, and a date of offense of November 16, 2006;

3.    An Indictment dated December 14, 2006, that showed the defendant as "LEONARD GEORGE MITCHELL, JR. AKA JUNIOR," with a date of birth of August 7, 1989;

4.    A Deferred Adjudication Order dated February 20, 2007, that contained Mitchell's signature; and

5.    Written Plea Admonishments dated January 19, 2007, that contained Mitchell's signature.

---

[3]Mitchell does not complain on appeal that the trial court erred in admitting the documents relating to the Robbery Conviction.

4

Kirby DeLoach, a detective with the Longview Police Department, testified that he had obtained the fingerprints of Mitchell that appeared on the ten-print card on the morning of trial. DeLoach explained that he had compared the thumbprints on State's Exhibits 7, 8, and 11, and he opined that they matched Mitchell's prints. DeLoach also testified that the name and date of birth contained in the Robbery Conviction documents matched the name and date of birth contained in the Evading Arrest and FVA Convictions and State's Exhibits 7 and 8.

Mitchell's father, Leonard George Mitchell, Sr., testified that his son, Leonard Mitchell, Jr., was born in Port Arthur, Texas. Mitchell, Sr., and his family moved to Longview after he retired from the Air Force in July 2010. He also testified that he knew that Mitchell had been in prison twice and that the first time was for robbery.

After arguments by counsel, the trial court found Mitchell guilty of the charged offense, found the allegation regarding the FVA Conviction true based on his plea, and found the allegation regarding the Robbery Conviction true based on the evidence. The trial court then sentenced Mitchell to ten years' imprisonment. The written judgment of conviction also contained a finding "that Defendant ha[d] financial resource[s] that enable[d] Defendant to offset in part or in whole the cost of the legal services provided to Defendant" and assessed Mitchell $1,190.00 in court-appointed attorney fees. Mitchell filed a motion for new trial in which he alleged "that the verdict [was] excessive in view of the evidence and the offense charged."

**II.** **Sufficient Evidence Supports the Trial Court's Finding Regarding the Robbery Conviction**

**A.** **Applicable Law and Standard of Review**

In his first issue, Mitchell asserts that there was insufficient evidence to show that he was the same person who was convicted in the Robbery Conviction. "To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists[4]. . . . and (2) the defendant is linked to that conviction." *Henry v. State*, 466 S.W.3d 294, 301 (Tex. App.—Texarkana 2015), *aff'd*, 509 S.W.3d 915 (Tex. Crim. App. 2016) (quoting *Reese v. State*, 273 S.W.3d 344, 347 (Tex. App.—Texarkana 2008, no pet.) (quoting *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007))). "No specific document or mode of proof is required to prove these two elements." *Id*. (quoting *Flowers*, 220 S.W.3d at 921). "In proving prior convictions, identity often includes the use of a combination of identifiers, and '[e]ach case is to be judged on its own individual merits.'" *Id*. (quoting *Littles v. State*, 726 S.W.2d 26, 30–32 (Tex. Crim. App. 1984) (op. on reh'g)). "The totality of the circumstances determines whether the State met its burden of proof." *Id*. (citing *Flowers*, 220 S.W.3d at 923).

"[T]he proof that is adduced to establish that the defendant on trial is one and the same person that is named in an alleged prior criminal conviction or convictions closely resembles a jigsaw puzzle." *Flowers*, 220 S.W.3d at 923 (quoting *Human v. State*, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988)). "The pieces standing alone usually have little meaning." *Id.* (quoting

---

[4]In this case, the existence of the Robbery Conviction was established with a certified copy of the final judgment and sentence, which the Texas Court of Criminal Appeals has recognized as "a preferred and convenient means" of proving that a prior conviction exists. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).

*Human*, 749 S.W.2d at 836). "However, when the pieces are fitted together, they usually form the picture of the person who committed that alleged prior conviction or convictions." *Id.* (quoting *Human*, 749 S.W.2d at 836). "The trier of fact fits the pieces of the jigsaw puzzle together[,] . . . weighs the credibility of each piece[,] . . . [and] determines if these pieces fit together sufficiently to complete the puzzle." *Id.* If the totality of the evidence shows that the existence of the prior conviction and its link to the defendant "can be found beyond a reasonable doubt, then the various pieces used to complete the puzzle are necessarily legally sufficient to prove a prior conviction." *Id.* "The standard of review for evaluating the sufficiency of evidence requires that the appellate court 'consider all the evidence in the light most favorable to the trial court's finding.'" *Henry*, 509 S.W.3d at 919 (quoting *Wood v. State*, 486 S.W.3d 583, 589 (Tex. Crim. App. 2016)).

### B.    Analysis

Mitchell asserts that the evidence in this case was insufficient to establish that he was the same person as the person convicted in the Robbery Conviction. He argues that the evidence only shows that the person named in the Robbery Conviction has a generic name—Leonard Mitchell—the same date of birth, and a signature, and that there was ambiguous testimony about a prior robbery conviction. He contends that such evidence is not sufficient to establish that he is the person named in the Robbery Conviction. We disagree.

Although the indictment in this case named "Leonard George Mitchell" as the accused, the offense report showed that the investigating officers had identified the arrestee as "Leonard George Mitchell, Jr." In addition, Mitchell's father testified that his name is "Leonard George Mitchell, Sr.," which supports an inference that Mitchell is "Leonard George Mitchell, Jr." The

7

judgment adjudicating guilt in the Robbery Conviction names the defendant as "Leonard George Mitchell, Jr."

In addition, the offense report in this case indicated that Mitchell's date of birth was August 7, 1989, as did the judgment in the Evading Arrest Conviction and the judgment in the FVA Conviction, to which Mitchell pled true, and several other convictions linked to Mitchell. The indictment in the Robbery Conviction also indicated Mitchell's date of birth was August 7, 1989.

Further, Mitchell's father testified that Mitchell was born in Port Arthur, Texas, and that they moved to Longview sometime after July 2010. The judgment in the Evading Arrest Conviction and several other convictions linked to Mitchell indicate that his birthplace was Port Arthur, Texas. Although the documents in the Robbery Conviction do not show Mitchell's place of birth, the judgment adjudicating guilt shows that the offense occurred on November 16, 2006, that the date of judgment was May 11, 2009, and that the convicting court was located in Jefferson County.[5]

In *Richard v. State*, we held that there was sufficient evidence linking the defendant to two Louisiana convictions when the person convicted in those cases had the same name and date of birth as the defendant and the evidence also showed that the defendant was born in Louisiana. No. 06-13-00068-CR, 2013 WL 6669388, at *6–7 (Tex. App.—Texarkana Dec. 17, 2013, pet.

---

[5]The Court takes judicial notice that the City of Port Arthur is located, for the most part, in Jefferson County. *See* TEX. R. EVID. 201(b)(2).

dism'd, untimely filed) (mem. op., not designated for publication).[6] We reasoned that, "[w]hile it is conceivable that another Johnny Ray Richard born on December 14, 1956, committed this offense in Richard's home State of Louisiana, such an instance is unlikely." *Id.* at \*6. Here, it is even more unlikely that another Leonard George Mitchell born on August 7, 1989, committed the robbery in Mitchell's home county at a time when Mitchell resided in that county.

Finally, Mitchell's signature appeared on the judgments in the Evading Arrest Conviction and the FVA Conviction, as well as other convictions linked to Mitchell. His signature also appeared on the deferred adjudication order and the written plea admonishments contained in the Robbery Conviction documents. In the absence of expert testimony, a comparison of handwriting samples by the fact-finder without other evidence will be insufficient to establish the defendant as the person previously convicted. *Cain v. State*, 468 S.W.2d 856, 859 (Tex. Crim. App. 1971), *overruled on other grounds by Littles v. State*, 726 S.W.2d 26 (Tex. Crim. App. 1987) (en banc). Even so, a fact-finder's comparison of signatures, in addition to other evidence, may support a finding that the defendant is the person previously convicted. *See Benton v. State*, 336 S.W.3d 355, 359–60 (Tex. App.—Texarkana 2011, pet. ref'd). Here, the trial court, as fact-finder, indicated that it had examined the signatures on the judgments.

Considering the totality of the evidence linking Mitchell to the Robbery Conviction, we find that a rational fact-finder could have found beyond a reasonable doubt that Mitchell was the same person as the person identified in the Robbery Conviction. As a result, we find there was

---

[6]"Although unpublished opinions have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

sufficient evidence to support the trial court's finding. We, therefore, overrule Mitchell's first issue.

### III. Mitchell Did Not Preserve His Disproportionate-Sentence Complaint

Mitchell also complains that the sentence he received was grossly disproportionate to the offense he committed in violation of the Eighth Amendment to the United States Constitution. The Eighth Amendment to the United States Constitution requires "that a criminal sentence must be proportionate to the crime for which a defendant has been convicted." *Solem v. Helm*, 463 U.S. 277, 290 (1983). "An allegation of disproportionate punishment is a valid legal claim. The concept of proportionality is embodied in the Constitution's ban on cruel and unusual punishment and requires that punishment be graduated and proportioned to the offense." *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016) (citing U.S. CONST. amend. VIII). "But, this is a narrow principle that does not require strict proportionality between the crime and the sentence." *Simpson*, 488 S.W.3d at 322 (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). The principle of disproportionate sentences is "applicable only in the 'exceedingly rare' and 'extreme' case." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Harmelin*, 501 U.S. at 1001). "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Id*. at 77.

"To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *Russell v. State*, 341 S.W.3d 526, 527 (Tex. App.—Fort Worth 2011, no pet.) (quoting *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citations omitted)); *see* TEX. R. APP. P.

33.1(a)(1)(A). In this case, Mitchell did not object to his sentence at trial. But he did file a timely motion for new trial in which he asserted that the verdict was excessive.

Nevertheless, "[t]o preserve an issue by motion for new trial, a defendant must present the motion to the trial court." *Richardson v. State*, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet. ref'd) (per curiam) (citing TEX. R. APP. P. 21.6); *see Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009). "The purpose of the presentment rule is 'to put the trial court on actual notice that a defendant desires the trial court to take some action on the motion for new trial such as a ruling or a hearing on it.'" *Stokes*, 277 S.W.3d at 21 (quoting *Carranza v. State*, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998)); *see* TEX. R. APP. P. 33.1(a)(1)(B) (requiring for preservation of an appellate complaint that the trial court explicitly or implicitly ruled, or refused to rule, on the motion). Consequently, the record must show that the movant brought the motion for new trial "to the attention or actual notice of the trial court." *Stokes*, 277 S.W.3d at 22 (quoting *Carranza*, 960 S.W.2d at 79). This may be shown in a variety of ways, such as the trial judge's signature or notation on a proposed judgment, or a notation in the docket. *Id.*

The record in this case does not show that the motion for new trial was brought to the attention or actual notice of the trial court. There is no notation on the docket sheet, no hearing was set on the motion, and there is no signature or notation by the trial court on the new trial motion. As a result, Mitchell has failed to preserve his complaint regarding a disproportionate sentence. *See Richardson*, 328 S.W.3d at 72 (holding that appellant did not preserve his disproportionate-sentence complaint when he did not object at trial or present his motion for new trial to the trial court). We, therefore, overrule Mitchell's second issue.

**IV.    Insufficient Evidence Supports the Assessment of Court-Appointed Attorney Fees**

In his third issue, Mitchell complains that insufficient evidence supports the trial court's assessment of his court-appointed attorney fees.  The State agrees that the assessment of fees was error.  The written judgment of conviction contained a finding "that Defendant has financial resources that enable Defendant to offset in part or in whole the cost of the legal services provided to Defendant" and assessed Mitchell $1,190.00 in court-appointed attorney fees.  The certified bill of costs also included an entry of $1,190.00 for "Attorney Fee" and an entry of $1,520.00 for "Total Costs."

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . . including any expenses and costs."  TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.).  "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided.  *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

The record establishes that the trial court determined Mitchell to be indigent and appointed him an attorney both at trial and on appeal.  Once a defendant is found to be indigent, he "is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs."  TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Supp.); *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018,

pet. ref'd). There is no evidence in the record that supports the finding by the trial court that Mitchell had financial resources or was otherwise able to pay the court-appointed attorney fees. For that reason, we find that the assessment of attorney fees was erroneous and should be removed. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). As a result, we sustain Mitchell's third issue.

## V.    Conclusion

For the reasons stated, we modify the judgment of the trial court by deleting the assessment of $1,190.00 in attorney fees. We also delete the entry of $1,190.00 for "Attorney Fee" in the certified bill of costs and revise the entry for "Total Costs" to $330.00.[7] As modified, we affirm the judgment of the trial court.


Scott E. Stevens
Justice


Date Submitted:    October 13, 2020
Date Decided:    October 20, 2020

Do Not Publish

---

[7]"[A]ttorney fees as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Consequently, it is necessary to delete any attorney fees in the bill of costs that are not supported by the record.