**Daniel Mark GAGLIARDO, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 12–00–00305–CR.

Court of Appeals of Texas, Tyler.

Nov. 30, 2001.

Rehearing Overruled Jan. 28, 2002.

Discretionary Review Refused May 8, 2002.

**472**

Kurt M. Noell, Tyler, for appellant.

Lisa Tanner, Austin, for state.

Panel consisted of DAVIS, C.J., WORTHEN, J., and GRIFFITH, J.

LEONARD DAVIS, Chief Justice.

Appellant Daniel Mark Gagliardo, Jr., pleaded not guilty to three counts of aggravated sexual assault of a child under fourteen years of age and seven counts of sexual assault of a child under seventeen years of age. A jury found him guilty of all ten charges and assessed his punishment at sixty years incarceration on each aggravated sexual assault charge and twelve years incarceration on each sexual assault charge. Appellant raises four issues for our consideration. We affirm in part and reverse and render in part.

### BACKGROUND

During their marriage, Dan and Karen Benson had two sons, Brent, born in 1969, and Chad, born September 14, 1972. After the Bensons divorced in 1980, Dan Benson moved into an apartment complex on Thigpen Drive in South Tyler. Chad and Brent visited their father at his apartment every other weekend.

Before Dan Benson remarried in January of 1985 and moved away from the Thigpen Drive complex, Appellant moved into the apartment across from him. When Chad was ten or eleven years old, he and Brent befriended Appellant.

Chad, Brent, and another boy who lived in the apartment complex frequently visited Appellant, who lived alone in his one bedroom apartment except for a couple of months in late 1987 and early 1988. The boys would watch television with Appellant, swim in the apartment complex pool, or just go to his apartment to hang out and talk. Appellant told the boys he was a pilot for an entertainment company which flew rock stars to their concerts all around the world. Appellant also told the boys he was an undercover F.B.I. agent, showing them handcuffs, a gun, and an F.B.I. jacket and cap. He told them his Doberman Pinscher was a drug dog. Chad testified that he came to idolize Appellant, believing Appellant "hung the moon."

The same year that Dan Benson remarried and moved away from the Thigpen Drive complex, Brent got his driver's license and began to spend less time with his younger brother and Appellant. Chad and Appellant continued to see one another several times a year for the next several years.

Shortly before Chad started seventh grade in the late summer of 1985, Appellant picked Chad up from his mother's house to take him to spend the night at Appellant's apartment. While driving in his car, Appellant told Chad that he believed that if men engaged in oral sex together, that would not make them gay, but that if men engaged in anal sex together, that would make them gay. Chad agreed. Later that night in Appellant's twin bed, Appellant began to fondle Chad. Appellant performed oral sex on Chad, and

Chad reciprocated. Chad was twelve years old.

Chad testified that at least twice in 1986, he and Appellant engaged in reciprocal oral sex. Chad testified that the sexual contact with Appellant occurred approximately every two months for the next several years. Chad believed he began to have anal sex with Appellant in the Spring of 1986 while he was still in the seventh grade.

The sexual contact continued when Appellant moved to a duplex in South Tyler but occurred only once after Appellant adopted another boy and moved into an A-frame house on Lake Tyler. In late summer of 1990, when Chad was seventeen years old, he and Appellant parted as friends.

In April of 1994, Chad, who was then a student at the East Texas Police Academy, was approached by law enforcement officers who inquired about his relationship with Appellant. Chad gave a detailed statement to the police, accusing Appellant of sexually assaulting him over a period of years. Chad had never told anyone before.

Appellant was indicted in August of 1994, and reindicted in March of 1995, for sexually assaulting Chad. Appellant was charged with three counts of aggravated sexual assault of child occurring when Chad was under fourteen years of age and seven counts of sexual assault of a child occurring when Chad was under seventeen years of age.

After a three day trial, a jury found Appellant guilty of all charges on April 20, 1995. The punishment phase was set to begin on April 21, 1995, but Appellant did not appear for court. After determining that Appellant had voluntarily absented himself, the trial court proceeded with the punishment phase of the trial without Appellant. The jury assessed punishment at sixty years incarceration on each of the three aggravated charges and twelve years incarceration on each of the sexual assault charges.

Appellant was not apprehended until June 2, 2000. On July 11, 2000, the court entered judgment and sentenced Appellant in accordance with the jury verdict. Appellant brings this appeal.

## STATUTE OF LIMITATIONS

In his first issue, Appellant contends that the charges against him were limitations barred and that the trial court incorrectly charged the jury on the applicable statute of limitations. The State contends that both sub-issues are waived.

 The statute of limitations is a defense which is forfeited if not asserted at or before the guilt/innocence stage of trial. *See Proctor v. State*, 967 S.W.2d 840, 844 (Tex.Crim.App.1998). Appellant neither challenged the indictment on limitations grounds nor asserted the statute of limitations as a defense at trial. Therefore, Appellant's defensive issue of limitations is waived.

 Appellant further contends that the trial court incorrectly charged the jury on the applicable statute of limitations. At trial, however, Appellant did not object to the jury charge on that basis. Consequently, Appellant must show egregious harm to obtain a reversal. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984).

 In the instant case, Appellant cannot show egregious harm because the trial court's instruction on the statute of limitations was a correct statement of the law at the time of the indictment. On the date of the earliest offense, August 15, 1985, the statute of limitations for sexual assault and aggravated sexual assault of a

child was five years. *See* Acts 1983, 68th Leg., R.S., ch. 977, § 7, 1983 Tex. Gen. Laws 5317–5318. However, the legislature may extend the statute of limitations for prosecution of a criminal offense after the offense has been committed but before the expiration of original limitations period. *Lindsey v. State*, 760 S.W.2d 649 (Tex. Crim.App.1988). In 1987, before the statute of limitations had run on the August 1985 offense, the legislature changed the statute of limitations for sexual assault and aggravated sexual assault of a child to ten years. *See* Act approved June 18, 1987, 70th Leg., R.S., ch. 716, § 1, 1987 Tex. Gen. Laws 2591 (current version at TEX. CODE CRIM. PROC. ANN. art. 12.01 (Vernon Supp.2002)). The 1987 change would not have applied to the August 1985 offense if the prosecution of that offense had been barred by limitations before September 1, 1987. *See Id.,* § 2. Because the August 1985 offense was not yet barred by limitations on September 1, 1987, the applicable statute of limitations at the time of the indictment was ten years. It follows that if the earliest offense was not limitations barred, the subsequent offenses could not have been barred by the statute of limitations either. Because the court correctly charged the jury on the applicable statute of limitations, Appellant cannot show egregious harm. Appellant's first issue is overruled.

### SUFFICIENCY OF THE EVIDENCE

In his second issue, Appellant contends that the evidence is insufficient to support his conviction on counts one, two, and three of the indictment, the aggravated sexual assault charges. Specifically, Appellant argues that the evidence is insufficient to prove that Chad was under fourteen years of age at the time of the aggravated offenses. Appellant does not specify whether he complains of legal or factual sufficiency. Therefore, we address both legal and factual sufficiency of the evidence.

### *Legal Sufficiency*

The standard of review for legal sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Whitaker v. State*, 977 S.W.2d 595, 598 (Tex.Crim.App.1998). An appellate court should uphold the jury's verdict "unless it is found to be irrational or unsupported by more than a mere modicum of evidence." *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). All conflicts in the evidence should be resolved in favor of the verdict, and every reasonable inference indulged. *Sneed v. State*, 803 S.W.2d 833, 837 (Tex.App.-Dallas 1991, pet. ref'd). The jury is the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony. *Barnes v. State*, 876 S.W.2d 316, 321 (Tex. Crim.App.1994). Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the jury. *Losada v. State*, 721 S.W.2d 305, 309 (Tex.Crim.App. 1986).

Sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997) (en banc). Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id. Malik* controls sufficiency of the evidence analysis even in

the absence of alleged jury charge error. *See Gollihar v. State,* 46 S.W.3d 243, 252–53 (Tex.Crim.App.2001).

■ A person commits the offense of aggravated sexual assault if the person intentionally or knowingly causes the penetration of the mouth of a child younger than fourteen years of age by the sexual organ of the actor or if the person intentionally or knowingly causes the mouth of a child younger than fourteen years of age to contact the sexual organ of the actor. *See* TEX. PEN.CODE ANN. § 22.021(a) (Vernon Supp.2002). Count one of the indictment alleges that Appellant committed aggravated sexual assault of Chad by penetrating Chad's mouth with Appellant's sexual organ on or about August 15, 1985, when Chad was younger than fourteen years of age. Count two of the indictment alleges that Appellant committed aggravated sexual assault of Chad by contacting Chad's sexual organ with Appellant's mouth on or about January 15, 1986, when Chad was younger than fourteen years of age. Count three of the indictment alleges that Appellant committed aggravated sexual assault of Chad by penetrating Chad's mouth with Appellant's sexual organ on or about August 15, 1986, when Chad was younger than fourteen years of age.

To sustain a conviction on count one, under a hypothetically correct jury charge, the State had to prove that Appellant penetrated Chad's mouth with Appellant's sexual organ on or about August 15, 1985, and that on the date of the offense, Chad was younger than fourteen years of age. The evidence is undisputed that Chad was born on September 14, 1972, making his fourteenth birthday September 14, 1986. Chad testified that the first instance of sexual assault occurred in the late summer of the year he started seventh grade. The evidence is undisputed that Chad started seventh grade in 1985 when he was twelve years old. Chad testified that during that first episode, Appellant performed oral sex on Chad, and Chad reciprocated. Viewed in the light most favorable to the verdict, the evidence is legally sufficient to support Appellant's conviction on count one.

To sustain a conviction on count two, under a hypothetically correct jury charge, the State had to prove that Appellant caused Chad's sexual organ to contact Appellant's mouth on or about January 15, 1986, and that on the date of the offense, Chad was younger than fourteen years of age. To sustain a conviction on count three, under a hypothetically correct jury charge, the State had to prove that Appellant penetrated Chad's mouth with Appellant's sexual organ on or about August 15, 1986, and that on the date of the offense, Chad was younger than fourteen years of age. As we previously noted, the evidence was undisputed that Chad would not have been fourteen years of age until September 14, 1986. Chad testified that once the sexual abuse began in August of 1985, it occurred once every couple of months. Chad specifically testified that he and Appellant engaged in reciprocal oral sex at least twice in 1986. Viewed in the light most favorable to the verdict, the evidence is legally sufficient to support Appellant's conviction on counts two and three.

*Factual Sufficiency*

■ When reviewing the factual sufficiency of the evidence, we must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State,* 23 S.W.3d 1, 11 (Tex. Crim.App.2000). We review the evidence weighed by the jury that tends to prove

the existence of the elemental fact in dispute and compare it with the evidence that tends to disprove that fact. *Jones v. State*, 944 S.W.2d 642, 647 (Tex.Crim.App.1996). We review the fact finder's weighing of the evidence and are authorized to disagree with the fact finder's determination. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex. Crim.App.1996). This review must employ appropriate deference to prevent an appellate court from substituting its judgment for that of the fact finder, and any evaluation should not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility to be given to the testimony of the witnesses. *Jones*, 944 S.W.2d at 648.

■■■■ The degree of deference a reviewing court provides must be proportionate with the facts it can accurately glean from the trial record. *Johnson*, 23 S.W.3d at 8. A factual sufficiency analysis can consider only those few matters bearing on credibility that can be fully determined from the cold appellate record. *Id.* Such an approach occasionally permits some credibility assessment but usually requires deference to the jury's conclusion based on matters beyond the scope of the appellate court's legitimate concern. *Id.*

■■■■ The reviewing court must always remain cognizant of the fact finder's role and unique position, a position that the reviewing court is unable to occupy. *Id.* The authority granted in *Clewis* to disagree with the fact finder's determination is appropriate only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice. *Id.* Otherwise, due deference must be accorded the fact finder's determinations, particularly those determinations concerning the weight and credibility of the evidence. *Jones*, 944 S.W.2d at 648–49.

■■ Our neutral review of the record reveals absolutely no contrary proof in the record. Furthermore, we conclude that the proof of guilt is not so obviously weak as to undermine our confidence in the jury's verdict. The evidence that the sexual assault charged as count one in the indictment occurred when Chad was twelve years old is clear and uncontroverted. As to the incidences of sexual assault charged as counts two and three of the indictment, even though Chad could not give definite dates, he did testify that the abuse occurred every couple of months once it had begun in August of 1985 and that it occurred at least in twice in 1986. We defer, as we must, to the jury's determination concerning the weight and credibility to be given Chad's testimony where there is no clear indication in the record that a manifest injustice has occurred. We hold that the evidence is factually sufficient to support Appellant's convictions on counts one, two, and three. Appellant's second issue is overruled.

### ARTICLE 38.07/EX POST FACTO LAW

In his third issue, Appellant contends that his convictions for seven counts of sexual assault violate the federal and state constitutional prohibitions against *ex post facto* laws because Chad's testimony was not corroborated as required by the version of Article 38.07 of the Code of Criminal Procedure in effect at the time of the offenses. The State counters that the issue is not preserved.

■■■■ The Court of Criminal Appeals has held that there are three types of rights: (1) absolute requirements and prohibitions which cannot be waived, (2) rights which must be implemented unless expressly waived, and (3) rights to be implemented upon request. *See Ieppert v. State*, 908 S.W.2d 217, 219 (Tex.Crim.App. 1995) (*citing Marin v. State*, 851 S.W.2d

275, 278–79 (Tex.Crim.App.1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App.1997)). The constitutional prohibition against *ex post facto* laws is a fundamental systemic requirement which cannot be waived. *Ieppert*, 908 S.W.2d at 220. Therefore, Appellant was not required to preserve his *ex post facto* complaint at trial, and is permitted to raise it for the first time on appeal.

In its brief and at oral argument, the State conceded that if Appellant's third issue is preserved, there is insufficient evidence to sustain Appellant's convictions on counts four through ten of the indictment. Nevertheless, we believe a brief discussion of the merits of the issue is essential to explain our holding.

At the time of the offenses charged as counts four through ten of the indictment, a conviction for sexual assault was supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense was alleged to have occurred. Act of May 26, 1983, 68th Leg. R.S., ch. 382, § 1, 1983 Tex. Gen. Laws 2090–2091; Act of May 29, 1983, 68th Leg. R.S., ch. 977, § 7, 1983 Tex. Gen. Laws 5311, 5319. The requirement that the victim inform another person of an alleged offense did not apply if the victim was younger than fourteen years of age at the time of the alleged offense. *Id.*

By the time of Appellant's trial, Article 38.07 had been changed. At the time of the trial, a conviction for sexual assault was supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense was alleged to have occurred. Act of May 29, 1993, 73rd Leg.,

R.S., ch. 900, § 12.01, 1993 Tex. Gen. Laws 3768. Most importantly, the requirement that the victim inform another person of an alleged offense did not apply if the victim was younger than eighteen years of age at the time of the alleged offense. *Id.* It is undisputed that the offenses charged as counts four through ten of the indictment occurred after Chad's fourteenth birthday and before his eighteenth birthday. It is also undisputed that Chad informed no one of the sexual assaults until 1994, some five years after the last offense.

At the time of Appellant's trial, the appellate courts had not been asked to decide which version of Article 38.07 should control. The trial court in the instant case included the version of Article 38.07 in effect at the time of trial in its jury charge, requiring no corroboration because Chad was under the age of eighteen at the time of the offenses.

By 1996, conflict had arisen among the various courts of appeals as to which version of Article 38.07 should govern. *See Bowers v. State*, 914 S.W.2d 213, 217 (Tex. App.El Paso 1996, pet. ref'd) (holding that the version in effect at the time of the offense should control); *Lindquist v. State*, 922 S.W.2d 223, 227 (Tex.App.Austin 1996, pet. ref'd) (holding that the version in effect at the time of trial governed). In 1998, the Fort Worth Court of Appeals held that Article 38.07 was merely a procedural rule, and, therefore, the version in effect at the time of trial should control. *Carmell v. State*, 963 S.W.2d 833, 836 (Tex. App.Fort Worth 1998, pet. ref'd). The United States Supreme Court reversed the Fort Worth court, holding that the changes to Article 38.07 "alter[ed] the legal rules of evidence, [requiring] less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender," and, thus, to apply the law retroactively

would violate the federal and state constitutional prohibitions against ex post facto laws. *See Carmell v. Texas,* 529 U.S. 513, 530, 120 S.Ct. 1620, 1631, 146 L.Ed.2d 577 (2000).

Under the version of Article 38.07 in effect at the time of the offenses charged as counts four through ten of the indictment, the evidence is insufficient to support Appellant's convictions because the allegations are uncorroborated and Chad, who was not younger than fourteen years of age at the time of those offenses, did not make an outcry within six months. Appellant's third issue is sustained.

### EXTRANEOUS OFFENSES

In his fourth issue, Appellant contends that when the State presented evidence in support of counts four through ten, it was introducing inadmissible extraneous offenses, and, therefore, he is entitled to a new trial on counts one, two, and three. We disagree.

An extraneous offense is any act of misconduct, whether resulting in prosecution or not, which is not shown in the charging instrument. *Rankin v. State,* 953 S.W.2d 740, 741 (Tex.Crim.App.1997); *Brown v. State,* 6 S.W.3d 571, 575 (Tex.App.Tyler 1999, pet ref'd). The offenses alleged as counts four through ten of the indictment against Appellant are, by definition, not extraneous offenses because they are shown in the charging instrument. Furthermore, the State quite correctly points out that the fact that there is insufficient evidence to convict Appellant on counts four through ten after the holding of the United States Supreme Court in *Carmell* does not render or transform the evidence presented in support of counts four through ten into evidence of inadmissible extraneous offenses. Finally, Appellant is not entitled to a new trial on counts one, two, and three after the holding in

*Carmell. Carmell* does not stand for such a proposition, and it has never been the law in the State of Texas that a verdict of "Not Guilty" on one or more counts of a multiple-count indictment automatically entitles an accused to a new trial on counts upon which he was convicted. Appellant's fourth issue is overruled.

Having sustained Appellant's third issue, we reverse the judgment of the trial court as to counts four through ten and render a judgment of acquittal as to these counts. We affirm the judgment of the trial court as to counts one, two, and three.