NOS. 12-04-00293-CR
 12-04-00313-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
WALTON DAUGHERTY, JR.,                          §                 APPEAL FROM THE THIRD
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 ANDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Walton Daugherty, Jr. appeals his conviction for four counts of aggravated sexual assault and
one count of indecency with a child, for which he was sentenced to imprisonment for an aggregate
of 230 years. Appellant raises one issue on appeal. We affirm.
 
Background
            Appellant was charged by two indictments returned on September 2, 2003 with one count
of indecency with a child and four counts of aggravated sexual assault. The indictments alleged that
the offenses occurred between December 15, 1990 and June 15, 1992.


 The jury found Appellant
guilty as charged on all counts. In accordance with the punishment assessed by the jury, the trial
court sentenced Appellant to imprisonment for twenty years for indecency with a child. As to the
four counts of aggravated sexual assault, the trial court sentenced Appellant to imprisonment for fifty
years, fifty-five years, sixty years, and forty-five years respectively. Appellant’s sentences were
ordered to run consecutively. Moreover, Appellant was fined $10,000 on each count. This appeal
followed.
 
Statute of Limitations
            In his sole issue, Appellant argues that the trial court erroneously overruled his motion to
quash the indictments because the offenses with which he was charged are alleged to have occurred
outside the applicable statute of limitations. A defendant may challenge the substance of an
indictment where it appears from the face of the indictment that a prosecution for the offense charged
is barred by lapse of time. See Tex. Code Crim. Proc. Ann. art. 27.08(2) (Vernon 1989). The
statute of limitations for the crimes of indecency with a child and aggravated sexual assault lapses
ten years from the victim’s eighteenth birthday. See Tex. Code Crim. Proc. Ann. art. 12.01(5)(a),
(c) (Vernon 2005). Before the 1999 amendment to Article 12.01(5), the applicable limitations period
was ten years from the date of the offense.


 A legislative note accompanying the 1999 amendment
states, “The change in law made by this Act does not apply to an offense if the prosecution of the
offense became barred by limitation before the effective date [Sept. 1, 1999] of this Act. The
prosecution of that offense remains barred as though this Act had not taken effect.” Acts 1999, 76th
Leg., ch. 39 § 2.
            In the case at hand, as Appellant concedes in his brief, the ten-year statute of limitations had
not run on any of the offenses with which he was charged when the amendment to Article 12.01(5)
became effective on September 1, 1999. Thus, the ten-year statute of limitations did not begin to
run until the victim reached her eighteenth birthday on December 28, 1999. Thus, it does not appear
from the face of the indictments that the prosecutions for the offenses with which Appellant is
charged are barred by lapse of time.
            Yet, Appellant urges that we revisit the issue of whether the 1999 amendment to Article
12.01(5) amounted to an ex post facto law. We conclude that it does not. See Lindsay v. State, 760
S.W.2d 649, 652 (Tex. Crim. App. 1988); Archer v. State, 577 S.W.2d 244, 244 (Tex. Crim. App.
[Panel Op.] 1979); cf. Gagliardo v. State, 78 S.W.3d 469, 474 (Tex. App.–Tyler 2001, pet. ref’d). 
We hold that the trial court did not err in overruling Appellant’s motions to quash the indictments. 
Appellant’s sole issue is overruled.
 
Disposition
Having overruled Appellant’s sole issue, we affirm the trial court’s judgments. 
 
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered July 29, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


















(DO NOT PUBLISH)