Raymond Lee REESE, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–08–00047–CR.

Court of Appeals of Texas, Texarkana.

Submitted: Nov. 5, 2008.

Decided: Nov. 7, 2008.

Ben Bratteli, Longview, for Appellant.

W. Ty Wilson, Asst. Dist. Atty., Longview, for Appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice CARTER.

A jury was selected and instructed to return the next morning for trial. The next morning, Raymond Lee Reese failed to reappear for the trial and was tried in absentia. *See* TEX.CODE CRIM. PROC. ANN. art. 33.03 (Vernon 2006). The jury found Reese guilty of felony driving while intoxicated (DWI) and assessed punishment at seven years' imprisonment. *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003) (criminalizing primary offense), § 49.09 (Vernon Supp.2008) (punishments for repeat offenders). Reese now appeals, raising four points of error. We overrule each and affirm the trial court's judgment.

## I. Evidentiary Sufficiency

Reese first contends the evidence is legally insufficient to support his conviction. In a legal sufficiency review, we examine the evidence from the court below, as measured by the hypothetically correct jury charge, in the light most favorable to the trial court's judgment. *Grotti v. State,* No. PD–134–07, 273 S.W.3d

273, 280–81, 2008 WL 2512832, at *5 (Tex. Crim.App. June 25, 2008); *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997). The hypothetically correct jury charge sets forth the applicable law, is authorized by the charging instrument, does not necessarily increase the State's burden of proof or restrict the prosecution's theories of criminal liability, and adequately describes the particular offense for which the accused is being tried. *Grotti*, at 282, 2008 WL 2512832, at *7; *Malik*, 953 S.W.2d at 240.

Second, Reese contends the evidence is factually insufficient to support his conviction. A factual sufficiency review requires us to assess all the evidence adduced at trial in a neutral light. *Grotti* at 282, 2008 WL 2512832, at *7 (citing *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim.App.2007); and referencing *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000)). We must then determine whether the jury was rationally justified in finding the accused guilty beyond a reasonable doubt. *Id.* (citing *Watson v. State*, 204 S.W.3d 404, 415 (Tex.Crim.App.2006)). "Evidence can be factually insufficient in one of two ways: (1) when the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust; and (2) when the supporting evidence is outweighed by the great weight

and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust." *Id.* (citing *Roberts*, 220 S.W.3d at 524; *Watson*, 204 S.W.3d at 414–15; *Johnson*, 23 S.W.3d at 11; and referencing *Castillo v. State*, 221 S.W.3d 689, 693 (Tex.Crim.App.2007)). To hold that the evidence is factually insufficient, we must be able to state objectively that the verdict is against the great weight and preponderance of the evidence. *Id.*; *Roberts*, 220 S.W.3d at 524; *Watson*, 204 S.W.3d at 417. Like a legal sufficiency review, a factual sufficiency review requires that the evidence be measured under the framework of the hypothetically correct jury charge. *Id.* at 280–81, 2008 WL 2512832 at *5; *Wooley v. State*, No. PD–0861–07, 273 S.W.3d 260, 260–61 & 266–67, 2008 WL 2512843, at *1 & *6 (Tex.Crim.App. June 25, 2008).

DWI is a conduct-oriented offense; it does not require proof of a culpable mental state. *Nelson v. State*, 149 S.W.3d 206, 210 (Tex.App.-Fort Worth 2004, no pet.). A person commits the crime of DWI if he or she "is intoxicated while operating a motor vehicle." TEX. PENAL CODE ANN. § 49.04(a). The elements of that crime are (1) the defendant, (2) operated, (3) a motor vehicle, (4) while intoxicated,[1] and (5) on or about the date alleged in the State's charging instrument.[2] *Id.* In a fel-

---

1. The definitions contained in Section 49.01 of the Texas Penal Code set forth alternate means by which the State may prove intoxication, rather than alternate means of committing the offense. *See* TEX. PENAL CODE ANN. § 49.01 (VERNON 2003). The conduct proscribed by the Texas Penal Code is the act of driving while in a state of intoxication. That does not change whether the State uses the per se definition or the impairment definition to prove the offense. *Bagheri v. State*, 119 S.W.3d 755, 762 (Tex.Crim.App.2003); *State v. Barbernell*, 257 S.W.3d 248, 256 (Tex.Crim. App.2008). Further, the substance that causes intoxication is not an element of the

offense. It is not the forbidden conduct, the required culpability, any required result, or the negation of any exception to the offense. Instead, it is an evidentiary matter. *Gray v. State*, 152 S.W.3d 125, 132 (Tex.Crim.App. 2004).

2. The hypothetically correct jury charge must contain the additional element that the offense occurred on or about the date alleged in the charging instrument. *See, e.g., Gagliardo v. State*, 78 S.W.3d 469, 475 (Tex.App.-Tyler 2001, pet. ref'd) (including date alleged in indictment as element needing proof under hypothetically correct jury charge construct).

ony DWI case, the State must prove, in addition to the aforementioned elements of that primary offense, that the accused has twice previously, and sequentially, been convicted of DWI. TEX. PENAL CODE ANN. § 49.09(b)(2). The hypothetically correct jury charge in this case would thus require proof showing (1) Reese, (2) operated, (3) a motor vehicle, (4) while intoxicated, (5) on or about May 20, 2005, and (6) had been twice previously and sequentially convicted of DWI.

Reese specifically contends the evidence of one of the two prior convictions is legally and factually insufficient to show he was the same person who was convicted in that earlier case.[3] Reese contends the judgment in one of those earlier cases "only has the name Raymond Reese listed on it with no further identifying information such as a middle name, fingerprint, signature, social security number, driver's license number, date of birth, or any other unique identifying information."

"To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists[ ] and (2) the defendant is linked to that conviction." *Flowers v. State,* 220 S.W.3d 919, 921 (Tex.Crim. App.2007); *see also Banks v. State,* 158 S.W.3d 649, 651–52 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd).

Susan Ellison is the misdemeanor supervisor for the Gregg County Community Supervision Department and the custodian of records for the misdemeanor section. Ellison testified she had personally met with Reese in November 2004 while he was on community supervision in Gregg County for DWI (second offense). According to Ellison, as part of her department's intake procedures, every person placed on community supervision completes a "data sheet" that lists his or her name, date of birth, address, and driver's license information, among other items. The data sheet from Reese's 2004 community service term lists his driver's license number, shows his date of birth, and bears his signature. This data sheet was one component of State's Exhibit 4, which was a certified copy of the documents pertaining to Reese's prior Gregg County community supervision and which the trial court admitted into evidence without objection. Other papers included in State's Exhibit 4 show Reese's date of birth, address, and Texas driver's license number, which correspond with the information Ellison reported being listed by Reese on his community supervision data sheet. Exhibit 4 also includes a copy of the trial court's judgment for that Gregg County DWI offense; Reese does not question the accuracy of his identification in that judgment. In the Gregg County judgment, it is specifically stated that Reese pled "true" to having been previously convicted in cause number 4222 in the 115th Judicial District Court of Marion County of operating a motor vehicle while intoxicated on March 9, 1998. Further, the Gregg County judgment contains a finding by the court that Reese was previously adjudicated guilty in Marion County under cause number 4222. The signature of "R L Reese" appears at the bottom of the trial court's judgment in that second, Gregg County, conviction.

The trial court also admitted State's Exhibit 5, without objection from the defense. That document includes a certified copy of the judgment from the 115th Judicial District Court of Marion County, Texas, in cause number 4222; Raymond Reese was

---

**3.** Reese does not challenge the State's proof with respect to any of the remaining elements of the charge now on appeal.

found guilty of boating while intoxicated and placed on community supervision for a period of six months. Exhibit 5 also included a copy of the conditions of community supervision imposed in Marion County cause number 4222; at the bottom of the second page appears the signature of "R L Reese."

The signature of "R L Reese" appears in the conditions of community supervision for Marion County cause number 4222, the judgment in Gregg County cause number 2004–3610, and on the Gregg County Community Supervision Department's data sheet. These exhibits were before the jury and therefore it was able to compare the signatures. The jury also heard Ellison's testimony that Reese had, in connection with his Gregg County guilty plea, made a judicial confession to having been previously convicted in that Marion County case.

On this collective evidence, we believe the jury could have properly concluded, beyond a reasonable doubt, that the Raymond Lee Reese then on trial was the same "R L Reese" that had been convicted in Marion County cause number 4222 of boating while intoxicated. Accordingly, we conclude the evidence, as measured against the applicable hypothetically correct jury charge, showed (1) the Marion conviction existed and (2) the person named Reese then on trial was linked to that Marion County conviction. Thus, we conclude the evidence was legally and factually sufficient to show Reese had been previously convicted of the alleged Marion County prior offense.

## II. Improper Stacking Order

■ In his third point of error, Reese contends the trial court erred by ordering that Reese's sentence in another felony case (which has not been appealed to this Court) not commence until Reese has com-

pleted his sentence in this case. Reese notes in his brief that the trial court "ordered a five year sentence for failure to appear in cause number 34609–B to run consecutive to the sentence in the Driving While Intoxicated cause number 33,439–B."

Reese did not appeal the trial court's judgment in cause number 34,609–B to this Court. The stacking order Reese now attempts to attack concerns the propriety of that *other* judgment; this issue does not concern or affect the validity of the judgment *in this case*. Because Reese did not appeal the trial court's judgment in the failure to appear case, we lack jurisdiction to address the merits of his claim that the trial court erred in ordering his five-year sentence (in the failure to appear case, trial court cause number 34,609–B) be served after Reese has first completed service of the seven-year sentence (in this felony DWI case, trial court cause number 33,439–B).

## III. Ineffective Assistance

■ In his final issue, Reese contends his trial counsel was ineffective for failing to object to the admission of State's Exhibit 5 (the Marion County judgment for boating while intoxicated). Reese contends there was no evidence that State's Exhibit 5 was a self-authenticating document and, thus, the trial court would have had to sustain an objection to its admission had an objection been raised because the sponsoring witness (Susan Ellison of the Gregg County Community Supervision Department) was not qualified to speak to the authenticity of a purported judgment from Marion County.

■ Claims of ineffective assistance are seldom successfully navigated on direct appeal. To prevail on a claim of ineffective assistance, the appellant must demonstrate both that trial counsel's representa-

tion fell below an objective standard of reasonableness and that this deficient performance actually prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Acosta v. State,* 233 S.W.3d 349, 352 (Tex. Crim.App.2007).

As part of its predicate for admitting State's Exhibit 5, the State and Ellison had the following exchange in the jury's presence:

> [The State]: I want to discuss with you for a minute, you've got your probation file up there Ms. Ellison, I'm going to approach you with what I've marked as State's Exhibit 5. Specifically, this is another multi-page exhibit. Is there a stamp on each page of this—of this exhibit?
>
> A: Yes, there is. *And a raised seal on the last page.*
>
> Q: And what does that seem to indicate to you?
>
> A: *It's a certified copy from the District Clerk of Marion County.*
>
> Q: Is there a cause number listed specifically in this packet of papers?
>
> A: Yes, it is, 4222 in the 115th District Court, Marion County.
>
> Q: What would the style of the case reflect?
>
> A: That it was Raymond Reese.
>
> Q: Again, in which county?
>
> A: In Marion County, March the 9th, 1998.
>
> [The State]: Your Honor, at this time, I'd move to offer State's Exhibit 5, which is a certified copy of the Marion County DWI—or prior intoxication offense.
>
> [Defense Counsel]: No objection, Your Honor.

> THE COURT: State's Exhibit 5 is admitted without objection.

(Emphasis added.)

Our Rules of Evidence provide,

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following: (1) A document bearing a seal purporting to be that of the United States, or of any State, district, Commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or any agency thereof, and a signature purporting to be an attestation or execution.

TEX.R. EVID. 902.

Ellison's testimony, that State's Exhibit 5 bore a seal purporting to be that of the Marion County District Clerk, would have satisfied the requirements of Rule 902. As a self-authenticating document under Rule 902, the trial court would have overruled any challenge to Exhibit 5's admission. Moreover, as correctly noted by the State in its appellate brief, judgments of previous convictions that have become final are not excluded in criminal cases by the hearsay rule. *See* TEX.R. EVID. 803(22). As evidence of a finalized judgment of conviction, Reese's trial counsel could not have brought forth a sustainable objection based on hearsay. Accordingly, the record before us will not support Reese's claim of ineffective assistance.

For the reasons stated, we overrule each of Reese's points of error and affirm the trial court's judgment.