Isiaah ALBERTY, Appellant

v.

The STATE of Texas, Appellee

No. 06-16-00204-CR

Court of Appeals of Texas, Texarkana.

Date Submitted: May 1, 2017

Date Decided: July 11, 2017

Martin E. Braddy, Attorney at Law, 121 Oak Ave, Ste A, Sulphur Springs, TX 75482, for appellant.

Clay Harrison, Assistant District Attorney, Delta, Franklin, Hopkins County, P.O. Box 882, Sulphur Springs, TX 75483, for appellee.

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Opinion by Justice Burgess

Isiaah Alberty pled guilty to the offense of driving while intoxicated (DWI), third or more. After the trial court found Alberty guilty of the offense, a bench trial on punishment resulted in findings of true to the State's enhancement allegations and a sentence of thirty-five years' imprisonment. The trial court's judgment contains an assessment of $750.00 in attorney fees for Alberty's court-appointed counsel, but also contains the statement "Attorney's fees and court costs are waived due to defendant's indigency."

On appeal, Alberty argues that, during the punishment hearing, the trial court erred in admitting and considering evidence of three prior convictions because they were not sufficiently linked to him. We find that evidence admitted without objection sufficiently linked Alberty to the prior convictions. We further find that the assessment of attorney fees in the amount of $750.00 must be deleted from the judgment. As modified, we affirm the trial court's judgment.

## I. Factual Background

The State provided notice of its intent to enhance Alberty's punishment on grounds that he had twice been previously convicted of driving while intoxicated, third or more (DWI 3rd).[1] The State's separate enhancement paragraphs alleged that Alberty was finally convicted of DWI 3rd offenses in the Sixth Judicial District Court of Lamar County, Texas, "on the 14th day of February, 1990, in Cause Number 12029" and "on the 13th of January, 1999, in Cause Number 16984." In addition to these enhancement allegations, the State provided Alberty with notice that it intended to offer evidence of additional convictions in the Sixth Judicial District Court of Lamar County (1) for DWI 3rd entered on August 31, 1992, in cause number 13813, (2) for DWI 3rd entered on September 4, 1992, in cause number 14082, and (3) for possession of a prohibited weapon entered on February 14, 1990, in cause number 12388.

Because Alberty's plea paperwork demonstrated that he did not stipulate to the State's enhancement or habitual-offender allegations, the State was required to prove the allegations during the punishment hearing.[2] In support of these allegations, the State offered State's Exhibits 3–

---

1. The offense of DWI becomes a third degree felony offense "if it is shown" that the defendant has been convicted of two prior DWIs. TEX. PENAL CODE ANN. § 49.09(b) (West Supp. 2016). These prior DWI convictions are considered "jurisdictional" and must be alleged and proven before the defendant can be convicted of felony DWI. *Martin v. State*, 200 S.W.3d 635, 640–41 (Tex. Crim. App. 2006), Alberty stipulated to the jurisdictional prior DWI offenses alleged in the State's indictment.

2. At punishment, Alberty objected to the admission of the presentence investigation (PSI) report, and the trial court agreed not to consider evidence contained in the PSI report in determining whether the State proved its enhancement allegations.

7 at trial. State's Exhibits 3–5, which are the focus of this appeal, each contained a fingerprint card, certified copies of judgments of conviction, and mug shots.

The dates shown on the fingerprint cards, as well as the statutes of offense written on the fingerprint cards, demonstrated that they could not be associated with the judgments of conviction contained in State's Exhibits 3–5. Accordingly, Alberty objected to the fingerprint cards and fingerprint comparison evidence. Finding that Alberty's argument went to the "weight of the evidence for the Court to consider but not to its admissibility," the trial court overruled Alberty's objection. *See Pachecano v. State*, 881 S.W.2d 537, 545 (Tex. App.—Fort Worth 1994, no pet.) (citing *Robinson v. State*, 739 S.W.2d 795, 802 (Tex. Crim. App. 1987) (per curiam)).

In addition to the State's exhibits, the trial court heard testimony from several witnesses, including Nicole Hearn, Alberty's fiancée. Hearn testified that Alberty had previously been arrested for DWI and that she had visited him in the penitentiary. Although she was not positive of the year of her visit, she believed it occurred in 1993. Hearn identified Alberty as the person in the mug shots contained in State's Exhibits 3–5. She added that Alberty went to a Substance Abuse Felony Punishment (SAFP) facility as a condition of community supervision in 2004 or 2005. Hearn also informed the trial court that Alberty was an alcoholic and that his disease would likely continue "forever."

After hearing all of the punishment evidence, the trial court found the State's enhancement allegations true.

## II. Alberty Did Not Object to Certified Copies of Judgments of Conviction or Mug Shots Contained in State's Exhibits 3–5

■ On appeal, Alberty argues that State's Exhibits 3–5, as a whole, were irrelevant and inadmissible. He further contends that "[t]he record establishes that Appellant objected to the admission of State's Exhibit 3, 4[,] and 5 based on a failure by the State to sufficiently link Appellant to the judgments contained in each respective pen packet." We disagree.

■ In order to present a complaint for appellate review, an appellant must demonstrate that

> (1) the complaint was made to the trial court by a timely request, objection, or motion that:
>
> (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context.

Tex. R. App. P. 33.1(a)(1)(A). Further, "[w]hen trial objections do not comport with arguments on appeal, an appellant has failed to preserve error." *Dunn v. State*, 125 S.W.3d 610, 613 (Tex. App.—Texarkana 2003, no pet.) (citing *Goff v. State*, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996)).

■ When an exhibit contains both admissible and inadmissible evidence, the burden is on the objecting party to specifically point out which portion of the evidence is inadmissible. *Whitaker v. State*, 286 S.W.3d 355, 369 (Tex. Crim. App. 2009); *see Reyes v. State*, 314 S.W.3d 74, 78 (Tex. App.—San Antonio 2010, no pet.). Here, the record demonstrates that Alberty specifically pointed out to the trial court that his sole objection to State's Exhibits 3–5 related only to the fingerprint cards. In specifying which portion of State's Exhibits 3–5 were allegedly inadmissible, Alberty failed to lodge any objection to the remaining evidence contained in those ex-

hibits, including the judgments of conviction and the mug shots.

Because Alberty did not object to the entirety of State's Exhibits 3–5, or otherwise argue that the certified judgments of conviction and mug shots were inadmissible, we must conclude that Alberty's complaints on appeal, alleging that these portions of the exhibits are irrelevant under Rule 401, do not comport with the objection made a trial. Stated differently, Alberty only preserved a complaint about the fingerprint cards.

## III. Sufficient Evidence Liked Alberty to the Previous Convictions

Alberty's brief argues that the trial court erred in admitting fingerprint cards because they "could not have been the fingerprint cards provided pursuant to each respective cause number." He further argues that the State failed to sufficiently link him to the previous convictions reflected in State's Exhibits 3–5. The State concedes that "a [Texas Department of Criminal Justice] (TDCJ) employee inadvertently placed non-corresponding fingerprint cards in the penitentiary packets." However, the State argues that, even without evidence related to the fingerprint cards, the prior judgments in State's Exhibits 3–5 were sufficiently linked to Alberty. We agree.

### A. Standard of Review

■ "To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists . . . and (2) the defendant is linked to that conviction." *Henry v. State*, 466 S.W.3d 294, 301 (Tex. App.—Texarkana 2015), *aff'd*, 509 S.W.3d 915 (Tex. Crim. App. 2016) (quoting *Reese v. State*, 273 S.W.3d 344, 347 (Tex. App.—Texarkana 2008, no pet.); *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007)). "No specific docu-

ment or mode of proof is required to prove these two elements." *Id.* (quoting *Flowers*, 220 S.W.3d at 921). "In proving prior convictions, identity often includes the use of a combination of identifiers, and '[e]ach case is to be judged on its own individual merits.' " *Id.* (quoting *Littles v. State*, 726 S.W.2d 26, 30–32 (Tex. Crim. App. 1984) (op. on reh'g)). "The totality of the circumstances determines whether the State met its burden of proof." *Id.* (citing *Flowers*, 220 S.W.3d at 923).

■ As the Texas Court of Criminal Appeals has recognized, "evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means" to prove a prior conviction for enhancement purposes. *Henry*, 509 S.W.3d at 918 (quoting *Flowers*, 220 S.W.3d at 921). "The standard of review for evaluating the sufficiency of evidence requires that the appellate court 'consider all the evidence in the light most favorable to the trial court's finding.' " *Id.* at 919 (quoting *Wood v. State*, 486 S.W.3d 583, 589 (Tex. Crim. App. 2016)).

### B. Analysis

■ It is undisputed that State's Exhibits 3–5 contained certified copies of judgments establishing prior convictions in the Sixth Judicial District Court of Lamar County, Texas. The judgment in State's Exhibit 3 for cause number 12029 labeled "JUDGMENT REVOKING PROBATION AND SENTENCE" recited that the judgment was against a person named "Isiaah Alberty." The judgment, signed by the trial court on February 16, 1990, imposed a sentence of five years' imprisonment. State's Exhibit 3 also contained a mug shot of Alberty taken in March 1990, shortly after the sentence was imposed. In the mug shot, Alberty was holding a placard with the number 542329. Travis Turner, Chairman of the Classification and Rec-

ords Department for the TDCJ-Correctional Institutions Division, identified number 542329 as a "TDCJ/BPP#" or inmate number associated with Alberty. Turner certified that the information obtained using Alberty's inmate number included the judgment in cause number 12029.

Additionally, State's Exhibit 6, which was not objected to at trial, contained several documents tying Albert to the conviction in cause number 12029. The first set of documents included (1) an information file against Alberty in cause number 7710 for evading arrest that contained an enhancement allegation contending that Alberty was previously convicted of DWI in cause number 12029 and (2) a judgment in cause number 7710 placing Alberty on deferred adjudication community supervision and ordering him to complete the SAFP Program in 2004. Because Hearn testified that Alberty went to a SAFP facility in 2004 or 2005 as a condition of community supervision, the documents associated with cause number 7710 linked Alberty to the judgment in cause number 12029. State's Exhibit 6 further included (1) an indictment in cause number 7678 for DWI 3rd alleging that Alberty was twice previously convicted of DWI in cause numbers 12029 and 14082 and (2) a judgment of conviction in cause number 7678 for DWI 3rd demonstrating that Alberty was convicted of the offense on a plea of guilty.[3] We find that, based on this evidence, a reasonable fact-finder could conclude that Alberty was the person convicted in cause number 12029.

 Next, the judgment in State's Exhibit 4 for cause number 16984 recited that the judgment was against a person named "ISIAAH ALBERTY." The judgment, signed by the trial court on January 19, 1999, imposed a sentence of five years'

imprisonment. State's Exhibit 4 also contained mug shots of Alberty taken on February 18, 1999, shortly after the sentence was imposed. The mug shots referenced number 858917, which Turner identified as an inmate number associated with Alberty. He further certified that the information obtained using Alberty's inmate number included the judgment in cause number 16984. We find that, based on this evidence, a reasonable fact-finder could conclude that Alberty was the person convicted in cause number 16984.

 Finally, the judgment in State's Exhibit 5 for cause number 14082 recited that the judgment was against a person named "Isiaah Alberty." The judgment, signed by the trial court on September 4, 1992, imposed a sentence of eight years' imprisonment. State's Exhibit 5 also contained a mug shot of Alberty taken in May 1993. The mug shot referenced number 641468, which Turner identified as an inmate number associated with Alberty. Turner further certified that the information obtained using Alberty's inmate number included the judgment in cause number 14082. As demonstrated by State's Exhibit 6, cause number 14082 was also used to support Alberty's conviction of his DWI 3rd offense in cause number 7678. Additionally, Hearn testified that she visited Alberty in the penitentiary around 1993, which the trial court could have concluded was during the time Alberty was serving the sentence imposed in cause number 14082. We find that, based on this evidence, a reasonable fact-finder could conclude that Alberty was the person convicted in cause number 14082.

Because we find that sufficient evidence linked Alberty to the prior offenses con-

---

**3.** Alberty admitted that cause number 7678 was a jurisdictional prior of this DWI 3rd offense.

tained in State's Exhibits 3–5, we overrule his last point of error.

## IV. We Delete the Assessment of Attorney Fees

The first page of the trial court's judgment contains an assessment of $750.00 in attorney fees. The trial court found that Alberty was indigent,[4] and he was presumed to remain indigent absent record proof of a material change in his circumstances. *See* Tex. Code Crim. Proc. Ann. arts. 26.04(p), 26.05(g) (West Supp. 2013); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Watkins v. State*, 333 S.W.3d 771, 781–82 (Tex. App.—Waco 2010, pet. ref'd). Accordingly, on the bottom of the second page of Alberty's judgment of conviction, the trial court scribed a note stating that the attorney fees were "waived." Accordingly, we remove the assessment of $750.00 in attorney fees contained on the first page of the trial court's judgment.

## V. Conclusion

As modified, we affirm the trial court's judgment.

---

4. Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided, ... including any expenses and costs." Tex. Code Crim. Proc. Ann. art. 26.05(g).

"[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).