

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00037-CR
_____

TONYA RUTH BARNETT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 18F0717-005

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

A Bowie County jury found Tonya Ruth Barnett guilty of murder and assessed a sentence of twenty-five years' imprisonment. *See* TEX. PENAL CODE ANN. § 19.02(c). On appeal, Barnett complains that her trial counsel was constitutionally ineffective[1] because counsel did not adequately discuss and admonish Barnett about the disadvantages of submitting the jury charge without an instruction on the lesser offense of manslaughter. Upon review of the record, we find Barnett has failed to meet the requirements of *Strickland v. Washington*[2] and, therefore, cannot show that she received ineffective assistance of counsel. As a result, we affirm the trial court's judgment.

## I. Background

By her own testimony, Barnett acknowledged shooting her boyfriend, C.J. Ellis, after an argument. She told the jury that she and Ellis had been romantically involved for about three months before the events leading to Ellis's death. At some point during that period, Barnett was contacted by the mother of Ellis's child. Barnett discovered that Ellis was still romantically involved with that woman. Barnett was upset after learning that the mother would accompany Ellis on an upcoming family trip, while Barnett was not invited. As a result, Barnett broke off her relationship with Ellis on May 23.

According to Barnett, in the early morning of May 24, 2018, Ellis came to Barnett's house enraged about a telephone call he claimed he received from her. Barnett denied having

---

[1]*See* U.S. CONST. amend VI.

[2]*Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

2

called and demanded that Ellis show her his cell phone. An argument ensued, in which Ellis beat and choked Barnett. Fearing for her life, Barnett picked up a gun and shot Ellis in the back of his head. Ellis was dead at the scene by the time emergency responders arrived.

## II. Standard of Review

As many cases have noted, the right to counsel does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "In order to prevail on a claim of ineffective assistance of counsel, the defendant must satisfy the two-pronged test set forth in *Strickland* . . . ." *Lampkin v. State*, 470 S.W.3d 876, 896 (Tex. App.—Texarkana, 2015, pet. ref'd); *see Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (orig. proceeding). The first prong requires a showing that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. This requirement can be difficult to meet since there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "This measure of deference, however, must not be watered down into a disguised form of acquiescence." *Profitt v. Waldron*, 831 F.2d 1245, 1248 (5th Cir. 1987) (finding ineffective assistance where counsel failed to request medical records and relied on court-appointed competency examination when he knew client had escaped from mental institution).

The second *Strickland* prong, often called "the prejudice prong," requires a showing that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "A reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* Thus, to

3

establish prejudice, an applicant must show "that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result was reliable." *Id.* at 687. It is not sufficient for applicant to show "that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, he must show that "there is a reasonable probability that, absent the errors, the fact[-]finder would have had a reasonable doubt respecting guilt." *Id.* at 695.

The applicant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Allegations of ineffectiveness must be based on the record, and the presumption of a sound trial strategy cannot be overcome absent evidence in the record of the attorney's reasons for his conduct. *Busby v. State*, 990 S.W.2d 263, 268–69 (Tex. Crim. App. 1999). The reviewing court must look to the totality of the representation, and its decision must be based on the facts of the particular case, viewed at the time of counsel's conduct so as to eliminate hindsight bias. *Strickland*, 466 U.S. at 690. In all cases, the "ultimate focus of inquiry must be on the fundamental fairness of the proceeding." *Id.* at 696, *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011) (orig. proceeding).

A failure to make a showing under either prong defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). Allegations of ineffectiveness "must 'be firmly founded in the record.'" *Bone v. State*, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002) (quoting *Thompson*, 9 S.W.3d at 813). The *Strickland* test "of necessity requires a case-by-case examination of the evidence." *Williams v. Taylor*, 529 U.S. 362, 382 (2000) (quoting *Wright v. West*, 505 U.S. 277, 308 (1992) (Kennedy, J., concurring in judgment)).

When a claim of ineffective assistance of counsel is raised for the first time on direct appeal, the record "is in almost all cases inadequate to show that counsel's conduct fell below an objectively reasonable standard of performance." *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). Even so, "when no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects the trial counsel's subjective reasons for acting as she did." *Id.* Moreover, where the reviewing court "can conceive potential reasonable trial strategies that counsel could have been pursuing," the court "simply cannot conclude that counsel has performed deficiently." *Id.* at 103. Essentially, when a party raises an ineffective assistance of counsel claim for the first time on direct appeal, the defendant must show that, "under prevailing professional norms," *Strickland*, 466 U.S. at 690, no competent attorney would do what trial counsel did or no competent attorney would fail to do what trial counsel failed to do. *Andrews*, 159 S.W.3d at 102.

## III. Analysis

Barnett claims that trial counsel was ineffective for not sufficiently explaining to her the advantages and disadvantages of including a jury charge instruction on the lesser offense of manslaughter. That said, Barnett offers no argument or authority to support her claim that trial counsel's performance was constitutionally deficient. There is nothing in the record suggesting trial counsel's strategy or her reasons for her choices in her representation of Barnett. Moreover, Barnett's appellate brief offers no argument or discussion for whether manslaughter indeed was a

lesser-included offense of murder as alleged in this case[3] or whether Barnett was entitled to a jury instruction on this matter. Because Barnett failed to satisfy *Strickland*'s first requirement, we find that she has failed to show ineffective assistance of counsel at trial.

While the record is silent about trial counsel's thinking about requesting a jury instruction on a lesser offense, Barnett herself told the trial court that she did not wish such an instruction to be included in the jury's charge. After the State rested its case-in-chief and the trial court denied Barnett's motion for a directed verdict, she took the stand on the matter of the charge. Outside the jury's presence, Barnett testified that (1) she was aware of her Fifth Amendment right, yet, wanted to testify before the jury; (2) she would be subject to cross-examination by the State's attorney; and (3) she did not want the court to submit an instruction on the lesser-included offense of manslaughter. As to the lesser-offense option, Barnett also testified that she understood, upon a conviction for murder, she would face a verdict of between five and ninety-nine years' imprisonment, versus a penalty range of two to twenty years' confinement if convicted of the lesser offense of manslaughter.

The Texas Court of Criminal Appeals has acknowledged that pursuing an "all or nothing" model with the jury charge—consciously choosing to submit only the higher, indicted offense for conviction rather than include one or more lesser-included offenses with lower ranges of punishment—"is a valid trial strategy[, and] defense counsel is not ineffective for declining to

---

[3]In *Dowden v. State*, 758 S.W.2d 264, 270–71 (Tex. Crim. App. 1988), the defendant was not entitled to an instruction on the lesser offense of manslaughter where there was no evidence that he acted with mere recklessness. Yet, the murder defendant in *Moore v. State*, 969 S.W.2d 4, 11 (Tex. Crim. App. 1998), was entitled to an instruction on manslaughter because there was evidence that he could have acted recklessly.

request a lesser-included-offense instruction." *Grey v. State*, 298 S.W.3d 644, 655 (Tex. Crim. App. 2009).

On appeal, Barnett argues, without source or support, that her trial counsel did not admonish Barnett sufficiently as to the hazards of proceeding without a jury instruction on a lesser offense. There is no record establishing whether trial counsel explained the advantages and disadvantages of including an instruction authorizing a conviction on a lesser charge, the extent of Barnett's apprehension of such information, or how much or how little counsel and Barnett discussed this matter. Barnett's situation demonstrates why "[c]laims of ineffective assistance are seldom successfully navigated on direct appeal." *Reese v. State*, 273 S.W.3d 344, 348 (Tex. App.—Texarkana 2008, no pet.). On the record before us, we find that Barnett has failed to "rebut the presumption" that trial counsel acted reasonably in her decisions and strategy. *Thompson*, 9 S.W.3d at 814. She has thus failed to show ineffectiveness of counsel. As a result, we overrule Barnett's only point of error.

## IV. Conclusion

For these reasons, the trial court's judgment is affirmed.

Scott E. Stevens
Justice

Date Submitted: October 26, 2020
Date Decided: December 9, 2020

Do Not Publish

7