Opinion filed July 20, 2017



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00114-CR

_____

## ASHLEY MARIE MONTEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**

**Midland County, Texas**

**Trial Court Cause No. CR41992**

## M E M O R A N D U M   O P I N I O N

The jury convicted Ashley Marie Montez of felony assault family violence with a prior conviction. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West Supp. 2016). The jury assessed her punishment at confinement for three years and a fine of $3,000. Appellant presents three issues on appeal. We affirm.

In Appellant's first issue, she argues that the evidence is insufficient to sustain her conviction because there was no evidence to prove that she had a prior conviction

as alleged. In her second issue, Appellant contends that the trial court erred when it admitted evidence of Appellant's prior assault conviction against a family member because there was no independent evidence to link Appellant to the conviction. In Appellant's third issue, she argues that she received ineffective assistance of counsel based on defense counsel's failure to address venue as an element of the crime.

In Appellant's first issue, she argues that the evidence was insufficient to sustain the jury's finding of felony assault family violence with a prior conviction. To prove the third-degree felony offense of assault family violence under Section 22.01(b)(2)(A), the State must show that the defendant intentionally, knowingly, or recklessly caused bodily injury to a person whose relationship with the defendant is described by Section 71.0021(b), 71.003, or 71.005 of the Texas Family Code and that the defendant had been previously convicted of an offense involving family violence. *See* PENAL § 22.01(a)(1), (b)(2)(A). Bodily injury means physical pain, illness, or physical impairment. *Id.* § 1.07(a)(8). Appellant argues that, because there was no evidence that Reyes was in pain and also because there was not a sufficient link between the prior conviction and Appellant, the jury could not have found Appellant guilty.

We review the sufficiency of the evidence, whether denominated as a legal or a factual sufficiency claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Evidence is insufficient under this standard in four circumstances: (1) the record contains no

evidence probative of an element of the offense; (2) the record contains a mere "modicum" of evidence probative of an element of the offense; (3) the evidence conclusively establishes a reasonable doubt; and (4) the acts alleged do not constitute the criminal offense charged. *Brown v. State*, 381 S.W.3d 565, 573 (Tex. App.— Eastland 2012, no pet.) (citing *Jackson*, 443 U.S. at 314, 318 n.11, 320).

"[W]hen conducting a legal sufficiency review, this Court considers all evidence in the record of the trial, whether it was admissible or inadmissible." *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Thus, regardless of whether evidence of the prior conviction was admissible, such evidence is properly considered in a review of the sufficiency of the evidence.

On June 19, 2013, Appellant and Elvia Reyes, Appellant's girlfriend who was an employee at Animal Clips Doggy Grooming (the store), were arguing when they entered the store. Reyes asked Lizeth Ramirez, a receptionist at the store, to call the police. Once the fight escalated and Appellant put her hands on Reyes, Ramirez called the police. Ramirez then spoke to Catherine Lowry (Cat), the store's owner, on the phone and informed her about Appellant and Reyes. Cat headed to the store.

There were two conflicting narratives of what occurred at the store, Cat's and Reyes's. Cat testified that, when she arrived at the store, she saw Appellant and told her, "You're not welcome in my store." After a fight between Cat and Appellant, Cat saw Appellant beat Reyes. Cat stated that Appellant punched Reyes and "had her on the ground and she was stomping her with her foot on top of her head, her face." After this, Cat saw Appellant and Reyes get into a car and drive away.

However, Reyes testified that Appellant never struck her. Reyes said that they were arguing because Reyes had accused Appellant of being intoxicated. Furthermore, Reyes asserted that the only physical contact between Appellant and Reyes was when Appellant put her hands on Reyes's shoulder and Reyes punched Appellant in response.

Based on the evidence presented, a rational jury could have found beyond a reasonable doubt that Reyes suffered bodily injury when Appellant punched Reyes or stomped on her head.

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that a prior conviction exists and that the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). There is no specific manner in which the State must prove these two elements. *Id.* A defendant may be linked to a prior conviction through the testimony of a witness who personally knows that the defendant was previously convicted and who can identify the defendant. *See, e.g.*, *Beck v. State*, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986); *Littles v. State*, 726 S.W.2d 26, 31–32 (Tex. Crim. App. 1984). Appellant argues that the second element (whether Appellant was sufficiently linked to the prior conviction) was not satisfied. *Flowers*, 220 S.W.3d at 921.

We disagree with Appellant. To prove beyond a reasonable doubt that Appellant's prior conviction existed, the State offered, through James Rex, an officer with the City of Midland Police Department, a complaint and judgment of Appellant's 2011 conviction for assault against a family member. Officer Rex arrested Appellant in November 2011 and filled out the complaint that was the basis for Appellant's conviction. At trial, Officer Rex identified Appellant as the person he arrested in 2011 for assault against a family member. We view the evidence in the light most favorable to the verdict and acknowledge that the jury could have found that Officer Rex's testimony sufficiently linked Appellant to the prior trial and the judgment as proof of a prior conviction. *See Prihoda v. State*, 352 S.W.3d 796, 809 (Tex. App.—San Antonio 2011, pet. ref'd); *see also Garcia v. State*, 122 S.W.2d 631, 632 (1938) ("proof was remedied by the testimony of a witness who identified this appellant as the same person charged and convicted in the former case").

4

We hold that the evidence admitted was sufficient to show that Appellant was the person convicted in the prior case. *See Flowers*, 220 S.W.3d at 922–23. The jury was free to determine that the State met its burden of proof to show that Appellant had previously been convicted of assault against a family member. *Forward v. State*, 406 S.W.3d 601, 606 (Tex. App.—Eastland 2013, no pet.). The jury learned that Reyes was the victim in the prior assault and had been Appellant's girlfriend from the first assault through the trial. Additionally, the jury heard Officer Rex's testimony that he arrested Appellant, then she was assigned a case number, and that the number assigned to Appellant was the same number as the conviction. Accordingly, we hold that the jury could have found beyond a reasonable doubt that Appellant was previously convicted for assault against a family member. Appellant's first issue is overruled.

In Appellant's second issue, she argues that the trial court erred when it admitted evidence of Appellant's prior conviction for assault against a family member. We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991). We will reverse a trial court's ruling only if it is outside the "zone of reasonable disagreement." *Id.* Certified copies of judgments are admissible even when the State has not yet linked the defendant to the judgment through independent evidence. *Beck*, 719 S.W.2d at 210–11. In this case, the State offered an exhibit that contained a certified copy of the 2011 complaint and judgment of conviction. The trial court did not abuse its discretion when it admitted that exhibit into evidence. Appellant's second issue is overruled.

In her third issue, Appellant argues that she was denied effective assistance of counsel because her trial counsel failed to move for a directed verdict or argue to the jury that the State failed to prove proper venue. In order to determine whether Appellant's trial counsel rendered ineffective assistance at trial, we must first

determine whether she has shown that her counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for her counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986).

We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action could be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Where the record is silent, we cannot speculate on trial counsel's strategy. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Thus, an allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* Generally, the record on direct appeal will not be sufficient to show that trial counsel's performance was so lacking as to overcome the presumption of reasonable conduct. *Id.* at 813–14.

Appellant asserts that defense counsel failed to bring to light that the State did not prove that Midland County was the proper jurisdiction for the trial and that, by failing to do so, an element of the crime was not proven. Appellant argues that, had defense counsel addressed that venue is an element of the crime and was not proven by the State, the result of the trial would have been different.

We disagree with Appellant. Appellant has not shown that her counsel's representation fell below an objective standard of reasonableness. Defense counsel did not fail to argue that the State did not prove an element of the offense because venue is not an element of the offense under Texas law. *Schmutz v. State*, 440 S.W.3d 29, 34 (Tex. Crim. App. 2014). Furthermore, venue must only be proven by

the preponderance of evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 13.17 (West 2015). During the State's case-in-chief, Cat testified that the assault occurred in her store in Midland. Ramirez also said at trial that the assault was in Midland. Appellant told Daniel Stief, a detective with the Midland Police Department, that she was at 411 North Midland Drive when the altercation occurred. We hold that Appellant has not shown that trial counsel was deficient; therefore, she has not met the first prong of *Strickland*. Because Appellant has not met her burden under the first prong of *Strickland*, we need not discuss the second prong. Appellant's third issue is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


July 20, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.